UNITED STATES, Appellee

v

FELIX L. PETERS, Airman First Class,
U. S. Air Force, Appellant

8 USCMA 520, 25 CMR 24

No. 10,018

Decided December 20, 1957

Captain John H. Leonard argued the cause for Appellant, Accused. With him on the brief were Lieutenant Colonel Ellis L. Gottlieb and Lieutenant Colonel R. W. Dech.

Captain Lawrence J. Gross argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Robert W. Michels and Lieutenant Colonel Francis P. Murray.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was tried by a special court-martial for the offense of driving while drunk, resulting in injuries to others, in violation of Article 111, Uniform Code of Military Justice, 10 USC § 911. He was found guilty as charged, and evidence of two previous convictions was placed before the court. He was sentenced to a bad-conduct discharge, and the convening authority approved the findings and sentence. The record was forwarded to the officer exercising general court-martial jurisdiction over the command and he approved the sentence, but, upon recommendation of the staff judge advocate, suspended the execution of the punitive discharge for a period of one year at which time, unless the suspension was sooner vacated, the discharge was to be remitted without any further action. A board of review in the office of The Judge Advocate General of the Air

520

Force affirmed, and we granted accused's petition for review to consider the asserted error that the accused was prejudiced by trial counsel's comments on the maximum sentence which could be imposed.

Following the announcement by the president of the special court-martial of findings of guilty and prior to deliberation upon the sentence, trial counsel made the following statement:

"I would like to remind the court of the maximum punishment. For the offense which the accused stands convicted of now in this particular case could be a BCD, depending on the seriousness of the crime, the maximum allowable is Dishonorable Discharge and one year. On page 228, 'If an accused is found guilty of an offense or offenses for none of which dishonorable or bad conduct discharge is authorized, proof of two or more previous convictions will authorize bad conduct discharge and forfeiture of all pay and allowance.'

"Also on page 541, there is the accepted forms of sentences. The court should decide which one of those fourteen should be followed."

In view of the fact that this special court-martial was not informed its jurisdiction did not permit it to impose a sentence greater than a bad-conduct discharge, confinement at hard labor for six months, and partial forfeitures for that period, the information given to the court by the trial counsel was erroneous. Our particular concern, therefore, is to ascertain whether the accused was prejudiced by the misadvice.

Since the court imposed only a sentence of bad-conduct discharge, it might be argued that, as a practical matter, the error had little, if any, impact on the sentence returned. However, for the purposes of this case, we will assume that the statement had a tendency to add some degree of severity to the sentence. We are willing to make that assumption, for we believe that by any fair evaluation the error was rendered harmless. In that regard, we call attention to the manner in which the staff

judge advocate analyzed this problem. In his review, he stated:

"This statement [the remarks of the trial counsel] is replete with error and would have been much better left unsaid. Trial counsel had not been requested to provide such information, and having chosen to volunteer these instructions he should have insured their accuracy. In this regard the following excerpt from the Board of Review decision in ACM S-8311, Rabon, 14 CMR 942, is apposite."

From the foregoing, it is certain that both he and the officer exercising general court-martial jurisdiction were well aware of the error made by trial counsel and re-evaluated the appropriateness of sentence uninfluenced by the misstated maximum limits. Serious consideration was given to the subject of sentence and, because of the excellent review made by the staff judge advocate and his desire to afford the accused one further opportunity to remain in the service, the officer exercising general court-martial jurisdiction suspended the punitive discharge with an automatic remission providing the accused's conduct was satisfactory during the interim period.

The problem posed by this appeal is not one of first impression. In United States v Crusoe, 3 USCMA 793, 14 CMR 211, the law officer misinformed a general court-martial as to the maximum punishment permissible. The staff judge advocate in his review dealing with sentence indicated to the convening authority that the instructions to the court were incorrect and the convening authority was informed correctly of the maximum sentence imposable. A comparison of this review with the one involved in the Crusoe case indicates that here, as there, the reviewing officer was thoroughly and properly advised on the error made during the presentence hearing and purged it of prejudice. Moreover, in both cases the boards of review had the mistake pointed out in bold relief. In Crusoe, when we were considering that situation, we stated:

". . . Reading the staff judge advocate's review as a whole, we are sure that he did, in fact, effect a determination of the question of appropriateness of sentence—with the result that the error of the law officer was purged.

"Of course, the record of trial considered by the board of review contained the extensive review of the convening authority's staff judge advocate. Despite the board's failure to render a long-form opinion, we are sure that its members were cognizant of the content of this field review. Therefore, we must conclude that they too passed on the question of appropriateness of sentence—and with no sort of misconception that the accused had been convicted of offenses whose maximum punishment aggregated fifteen rather than only ten years. Thus all doubt is removed that the question of sentence adequacy was passed on by agencies with power—wholly wanting in this Court —to determine appropriateness in this area."

In the recent case of United States v Reiner, 8 USCMA 101, 23 CMR 325, we followed the rule of Crusoe, and we believe the following quotation aptly applies in this instance:

". . . We believe the previous quotation states our position clearly that when a board of review which is empowered to assess the appropriateness of a sentence has made a determination of its adequacy, there is no reason for us to reverse for a prior error known to the board, absent some special factor materially prejudicing an accused. In this instance, we believe the board of review made that determination, that there are no special circumstances of a prejudicial nature, and that the resubmission of the sentence to another board of review to purge an error known to the first board would be an empty gesture."

In the case at bar, both the officer exercising general court-martial jurisdiction and the board of review based their approval of the sentence on the entire record. Although it would have been better if the point had been specifically noted by the subsequent reviewing authorities in their respective actions, we must assume they were familiar with the contents of the field review. The principal thrust of that review was directed to a consideration of the sentence, and no reviewing authority could consciously scan the record without knowing that the appropriateness of the sentence must be evaluated in light of the correct maximum sentence. We, therefore, conclude the matter was considered by the officer exercising general court-martial jurisdiction and the board of review and that they made an independent determination of the appropriateness of sentence and concluded that the sentence as affirmed was in all respects proper for the offense committed.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.