UNITED STATES, Appellee

v

JAMES R. JONES, Basic Airman,
U. S. Air Force, Appellant

10 USCMA 532, 28 CMR 98

No. 12,814

Decided July 2, 1959

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel James L. Kilgore* and *Lieutenant Colonel Sam F. Carter*.

*Major Timothy G. O'Shea* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels*.

HOMER FERGUSON, Judge:

Originally this accused pleaded guilty to, and was found guilty of, one specification of absence without leave, two specifications of wrongful appropriation, and one specification of larceny. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for three years. The convening authority approved only so much of the sentence as provided for dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for eighteen months. Thereafter, the board of review directed a rehearing on the sentence in view of the inclusion in the law officer's post-finding instructions of the advice held prejudicially erroneous by this Court in United States v Varnadore, 9 USCMA 471, 26 CMR 251, and United States v Holt, 9 USCMA 476, 26 CMR 256.

At the rehearing on sentence, the law officer, over defense counsel's objection, advised the court members of the penalties adjudged at the original trial and stated that they might not go beyond that punishment in adjudging the new sentence. He made no mention of the intervening reduction of sentence by the convening authority. The second court-martial also adjudged a sentence to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for three years. The convening authority, taking into consideration the period the accused was in "pretrial" confinement between the two hearings, approved only so much of the sentence as provided for dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year, five months, and twelve days. The action also directed that the accused be credited with any portion of the confinement or other punishment served under the sentence originally adjudged and approved.

On January 21, 1959, the board of review approved the second sentence, as reduced below, in a lengthy opinion, in which its members assiduously sought to avoid the effect of our prior decisions in this area. Thereafter, we granted the accused's petition for review on the question of whether the law officer's instructions on the maximum punishment constituted prejudicial error.

In United States v Dean, 7 USCMA 721, 23 CMR 185, we had occasion to examine the effect of any attempt by a second convening authority to approve a sentence more severe than that approved in the first action on the case. We held that the initial convening authority's "action . . . fixes the limits of both the findings . . . and the sentence *in all subsequent proceedings in the case.*" (Emphasis supplied.) See also United States v King, 5 USCMA 3, 17 CMR 3. Our construction of the Uniform Code of Military Justice, Article 63 (b), 10 USC § 863, in that case was premised upon both the Congressional intent that appellate review of military sentences never redounds to the accused's detriment and the long-established service interpretation of that Article's predecessor. See United States v Jeffcoat, 78 BR 291.

In order that there may be no further misunderstanding, we reassert the conclusion implicit in the holding in *Dean,* supra, that the maximum sentence which may be adjudged on any rehearing is limited to the lowest quantum of punishment approved by a convening authority, board of review, or other authorized officer under the Code, prior to the second trial, unless the reduction is expressly and solely predicated on an erroneous conclusion of law.

The foregoing proposition dictates the conclusion that the law officer erred in advising the court members at the rehearing that the maximum sentence was dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for three years. The law officer should have instructed the court that the maximum sentence was the quantum approved by the convening authority. We add that it should not be mentioned that the penalty was reduced on review. The members of the

**533**

court are concerned only with the maximum imposable sentence and not the basis for the limitation it places upon them.

The decision of the board of review is reversed, the sentence is set aside, and a rehearing is directed thereon.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

### I

In my dissenting opinion in United States v Dean, 7 USCMA 721, 23 CMR 185, I set forth my view that the sentence which may be imposed on rehearing is limited only by that originally adjudged by the court-martial. Necessarily then, I must disagree with the Court's opinion in the case at bar, for the majority extends the holding of that case, where we were concerned with the limitation on the second convening authority, and now rules that the maximum sentence imposable by the trial forum at a rehearing is the lowest quantum of punishment approved at any level prior to the second trial. In *Dean* the conclusion reached by the majority was predicated on the rule that the construction of a statute was aided by prior administrative interpretation. Certainly as to the principle here announced by my associates, I encounter great difficulty in applying that canon of statutory construction for there is no prior authority to support changing the phrase "original sentence" found in the statute to mean sentence affirmed by a board of review.

### II

For a second point of departure, I take issue with my associates' caveat that "it should not be mentioned [to the court-martial] that the penalty was reduced on review." Even appellate defense counsel concede that in United States v Kelly, 5 USCMA 259, 17 CMR 259, we approved paragraph 81 *d* of the Manual, stating:

". . . At a rehearing, trial counsel should advise the court of the original sentence, and invite its attention to 'any pertinent limitations upon its discretion in adjudging a new sentence.' Manual for Courts-Martial, supra, paragraph 81*d*, page 132."

And contrary to my brothers' caveat, the defense contends, to quote from their brief, "that the action of the convening authority in reducing the confinement at hard labor . . . should be considered as a 'pertinent limitation'."

Apparently my associates believe that the Manual rule quoted above must be disregarded and that a court-martial may only be informed of the maximum sentence it may impose and not the basis for such limitation. I respectfully disagree. While the rights of an accused must be protected, he should not be given the benefit of a sentence yardstick weighted in his favor and one entirely disproportionate to the gravity of his offense. A maximum sentence is reserved for the most aggravated form of the crime, and if a lower limitation is created by a reduction on appeal and the court-martial is not apprised of that fact, the offender will no doubt reap the benefit of duplicated clemency factors. Those who have the duty of assessing punishment must consider the appropriateness of sentence in the light of the crime, the offender, and the limits imposed by the statute. Therefore, unless they are informed that the maximum sentence permitted by the Table of Maximum Punishments has been lessened by some reviewing authority, they deliberate not with the proper maximum permissible sentence imposable for the crime but one which has been reduced by the application of clemency factors which the court does not know have been considered. In the instant proceedings, there is no question about accused's guilt—the only problem which concerned the court was the assessment of an appropriate sentence not to exceed the punishment originally imposed by the first court-martial. And I believe the law officer reasoned correctly when he concluded that the sentence should be assessed by a court-martial fully informed on all aspects of the sentence. Certainly a court-martial

should not be forced to work under a misapprehension or in a vacuum, and it ought to be informed as to the maximum sentence authorized for the offenses committed and any limitations thereon. To keep it ignorant of that information will increase the probability that punishment will be imposed under the mistaken belief that a much reduced penalty—and one reached after mitigating, clemency, and other factors have been injected—is the legal maximum set by the President. Surely good administration cannot be expected if the true facts necessary to fairly assess a sentence are concealed from the court.

Proceeding in the fashion I suggest presents no danger of unfairness to an accused, for as we indicated in *Kelly*, supra, the court members must also be advised that they may not exceed the punishment originally imposed. Nor is there any fair risk that the court-martial members would feel bound to duplicate the previous sentence, for they are, of course, unfettered and are required, as the instant court members were charged, to adjudge such sentence as they consider appropriate.

### III

Further, I must dissociate myself from any intimation that the board of review in the instant case "assiduously sought to avoid the effect of our prior decisions." As I read the opinion, the board was trying honestly to reconcile various holdings of this Court, numerous Federal cases, and the pertinent codal and Manual provisions. I believe that to be the proper approach to a legal proposition. Moreover, the criticism is unnecessary, for even assuming the board was incorrect in law, it purged any error in that regard of all possible prejudice. I quote the board's language:

". . . Even if we should assume arguendo that the law officer was in error in stating the maximum punishment authorized by the Table of Maximum Punishments and in failing to advise the court with respect to a maximum sentence based upon mitigating action previously taken by the convening authority, there still

would be no prejudice to the accused in this case which would require this Board of Review to reverse. The convening authority, as we have indicated, took corrective action as he was required to do before forwarding the case to us and we deem the approved sentence to be entirely appropriate."

We have held on numerous occasions that when an error has been recognized and the sentence reassessed in light of the error, prejudice has been removed and no further action is required. United States v Crusoe, 3 USCMA 793, 14 CMR 211; United States v Reiner, 8 USCMA 101, 23 CMR 325; United States v Peters, 8 USCMA 520, 25 CMR 24. See also United States v Reid, 10 USCMA 71, 27 CMR 145. Manifestly, by its alternative approach, the board of review purged any possible harm to this accused.

### IV

Finally, still another reason compels me to dissent from reversal of the instant case. Subsequent to oral argument in this appeal, accused, through his counsel, moved to withdraw his petition. In his statements in support of his motion, accused indicated he had received legal counselling and fully understood the consequences of his action, but nonetheless desired to withdraw his petition. Further he stated:

". . . I have now served the greatest part of my sentence and I do not want to go back to duty. My only desire is to return to my home upon release from confinement.

"I do not care about the back pay I might receive of [sic] the change of discharge if we were successful on appeal. I feel I have served my time and would now like to return home and forget as quickly as possible about the whole thing."

and

". . . it is my desire to withdraw my petition because I do not want a rehearing or new trial and I do not want to return to duty even if I were granted a rehearing or a new trial or if the charges in my case were dismissed."

**535**

Aside from his desire to withdraw his appeal, it might be of interest to point out that accused was under sentence to a bad-conduct discharge as the result of a prior conviction at the time the instant offenses were committed. It is a virtual certainty he will be separated with a punitive discharge, and he has already served almost all his confinement on the present charge. Thus, as a practical matter, pretermitting forfeitures, any sentence that can be adjudged at a rehearing will already have been satisfied. The consequence of my brothers' disposition is to give this man the benefit of a reversal which he himself protests.

I would affirm the decision of the board of review.