UNITED STATES, Appellee

v

JULIAN L. SKELTON, Airman First Class, U. S. Air Force, Appellant

10 USCMA 622, 28 CMR 188

No. 12,830

Decided August 28, 1959

*Lieutenant Colonel Sam F. Carter* and *Lieutenant Colonel Robert O. Rollman* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Major Fred C. Vowell* were on the brief for Appellee, United States.

ROBERT E. QUINN, Chief Judge:

The accused pleaded guilty to ten specifications of forgery, in violation of Article 123, and unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC §§ 923 and 886, respectively. He was also found guilty of seven specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a dishonorable discharge, total forfeitures and confinement at hard labor for ten years. The convening authority approved the sentence except that he reduced the period of confinement to two years. On review, a board of review directed a rehearing on the sentence because of error in the law officer's instructions on matters that the court-martial could consider. At the rehearing, the court adjudged a sentence which included confinement at hard labor for five years. With some modification of the period of confinement, intermediate appellate authorities affirmed. The case is before us on two issues.

First, we are asked to review the effect of an instruction by the law officer that *prima facie* evidence of a fact "is sufficient to establish the fact, unless it is rebutted." We recently considered the same instruction in United States v Simpson, 10 USCMA 543, 28 CMR 109. We there concluded that taking into consideration the whole instruction, the accused was not prejudiced. We reach the same conclusion here.

For his scond claim of error the accused contends he was prejudiced by an instruction that the maximum permissible punishment included confinement at hard labor for ten years which was "the sentence imposed" at the first trial. In a similar situation, we held that the maximum sentence at the rehearing is limited to the sentence as reduced on review unless the reviewing authority predicated the reduction "expressly and solely . . . on an erroneous conclusion of law." United States v Jones, 10 USCMA 532, 28 CMR 98. That case is controlling here.

The decision of the board of review is reversed. A rehearing on the sentence is directed.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

For the reasons set forth in my separate opinion in United States v Simpson, 10 USCMA 543, 28 CMR 109, I disagree with the conclusion of my brothers that the law officer's instructions in this case on the effect of *prima facie* evidence were not error prejudicial to the substantial rights of the accused.

I join with the Chief Judge in his belief that the law officer's advice to the court-martial on the maximum sentence was erroneous and requires reversal. United States v Jones, 10 USCMA 532, 28 CMR 98.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part. With respect to the first assignment, I agree that when the instructions are considered by their four corners, accused was not prejudiced. As to the second assigned error, however, I must part company with my associates.

My views on instructions regarding maximum impossible sentence at a rehearing may be found in my dissenting opinions in United States v Dean, 7 USCMA 721, 23 CMR 185, and United States v Jones, 10 USCMA 532, 28 CMR 98. Necessarily, therefore, I must disagree with the Court's disposition of this issue in the case at bar. There is, however, an additional reason why I am unable to join in the disposition ordered by my brothers. I am certain reference to the board's opinion will show clearly that it purged any error in the instructions on sentence of all possible prejudice. After the rehear-

ing, the convening authority reduced the period of confinement to twenty-two months and eight days, and I note the following significant language by the board of review:

". . . [I]n view of the number and type of offenses found, the subsequent action of the convening authority in reducing the sentence below that originally approved, in the setting of this case we find the sentence to be nonetheless appropriate even if we are incorrect in our belief that the rehearing court need not be informed of the effect of the original action on the maximum sentence which could be adjudged at the rehearing.

". . . Under the facts of this case, which concerns an accused who was found guilty of a four-day absence without leave, seven larcenies by check, five offenses of making a forged check, and five offenses of uttering a forged check, even if we were to assume arguendo, as did the staff judge advocate in his review to the convening authority, that the law officer's instruction on the maximum sentence was erroneous, we find the approved sentence is nonetheless appropriate."

It is a well-established rule that when such an error has been recognized and the sentence reassessed for appropriateness in light of the error, prejudice has been removed and no further action is necessary. United States v Crusoe, 3 USCMA 793, 14 CMR 211; United States v Reiner, 8 USCMA 101, 23 CMR 325; United States v Peters, 8 USCMA 520, 25 CMR 24. See also United States v Reid, 10 USCMA 71, 27 CMR 145. Obviously, therefore, the board of review having assumed error in the instant case and reassessed the sentence on that basis, has purged any possible harm to this accused. Accordingly, to return this record for a rehearing on sentence is to perform a completely unnecessary act.

I would affirm the decision of the board of review.