UNITED STATES, Appellee

v

HENRY J. ESCHMANN, SR., Master Sergeant, U. S. Air Force, Appellant

11 USCMA 64, 28 CMR 288

*Captain Prichard E. Gray* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel James L. Kilgore* and *Captain Norman J. Nelson.*

*Lieutenant Colonel Francis R. Coogan* argued the cause for Appellee, United States. With him on the brief were *Colonel John F. Hannigan* and *Major Fred C. Vowell.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was convicted of five specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. The convening authority ordered ■ a rehearing on the sentence in view of a command lecture delivered to court members regarding the adjudging of "puny sentences."[1] Thereafter, the accused was again brought to trial before another court-martial, the members of which had not been subjected to the ill-considered remarks of the commander involved.

Over the accused's objection, the law officer instructed the court-martial concerning the penalty which it might impose as follows:

". . . You are instructed that normally the maximum punishment authorized by the Table of Maximum Punishments for the offenses is a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for twenty-five years. However, in this case, in imposing punishment for the offenses for which the accused stands convicted, the court is limited to the sentence imposed by the court at the original trial, which is a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. Therefore, the maximum punishment which you can impose in this case is a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years."

The court sentenced the accused to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. On review, the convening authority reduced that portion of the penalty relating to confinement to one year, ten months, and twenty-four days. He otherwise approved the sentence. The board of review assumed that the instruction on the maximum sentence was erroneous but asserted that it "was unquestionably rendered harmless by the reviewing authority's action in reducing the confinement period adjudged to less than half." We granted the accused's petition for review on the issue whether the advice on sentence was prejudicially improper.

The law officer's instruction was patently erroneous. United States v

---

[1] The command lecture was apparently conceived and delivered by a commander inferior to the conving authority. When the matter was brought to his attention in the post-trial review, he immediately sought to overcome the error by ordering the rehearing on sentence. As the lecture dealt only with the subject of inadequate sentences, that remedy was adequate.

Jones, 10 USCMA 532, 28 CMR 98; United States v Skelton, 10 USCMA 622, 28 CMR 188. As we said in United States v Jones, supra, at pages 533–534:

". . . The members of the court are concerned only with the maximum imposable sentence and not the basis for the limitation it places upon them."

Here, the maximum imposable sentence extended to dishonorable discharge, total forfeitures, and confinement at hard labor for five years—the punishment adjudged at accused's first trial. Accordingly, the limitation contained in the Table of Maximum Punishments, Manual for Courts-Martial, 1951, paragraph 127c, was no longer relevant, and the court members should not have been informed of it. Moreover, the fact that the five-year limitation resulted from a previous court-martial sentence should not have been mentioned. The tendency of such advice is to cause the present court members to rely upon the discretion of a former court-martial concerning the appropriateness of the sentence. A proper instruction would have been simply that the maximum punishment was dishonorable discharge, total forfeitures, and confinement at hard labor for five years.

Left for consideration is the question whether other appellate authorities have by their actions on the sentence purged the erroneous advice of its prejudicial effect. At the outset, we note that rehearings on the sentence were deemed necessary in United States v Jones and United States v Skelton, both supra. In neither of those cases, however, were the members of the court advised of the correct maximum sentence, for no mention was made therein of the effect of the intermediate ameliorating action taken by the convening authority with respect to the penalties adjudged. Thus, the courts-martial in those cases were permitted to speculate beyond legally permissible bounds in determining an appropriate punishment. While the law officer herein erroneously advised the court of the penalty prescribed in the Table of Maximum Punishments, supra, as well as the fact that the actual maximum had been adjudged at a former trial, he nevertheless specifically informed the members of the correct limitation upon their power to punish. The effect of his misadvice, therefore, extends only to the possibility that the members were affected in their deliberations by the knowledge that another court-martial had adjudged a severe penalty or by the statement of what the legal maximum penalty would be, absent the original sentence. We are certain that the board of review's recognition of the error, arguendo, and reassessment of the sentence in light of the substantial reduction by the convening authority was sufficient to remove any harm flowing from that contingency.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

My views on certain aspects of this subject may be found in my dissenting opinions in United States v Dean, 7 USCMA 721, 23 CMR 185, and United States v Jones, 10 USCMA 532, 28 CMR 98. See also my separate opinion in United States v Skelton, 10 USCMA 622, 28 CMR 188. Here, however, my associates extend the rules therein announced, for this law officer instructed the court-martial in the language of the statute and he gave the correct maximum sentence. See Article 63(b), Uniform Code of Military Justice, 10 USC § 863. We are thus confronted with a situation where a majority of the Court hold it is error for a law officer to give a court-martial statutory guideposts to aid it in an area of responsibility. That is a questionable principle, and it will result in court-martial members wondering about the vagaries of a system which permits a maximum sentence for the same offenses to fluctuate from twenty-five

years to five years within a few days' period. The only purpose I can see in keeping the court ignorant of the true facts is that on the rehearing it might be inclined to reassess the same sentence as meted out by the first court. Even if that eventuality occurred, the yardstick would not be inappropriate. But if the second court is not informed as to the reason for the reduction, the members will either be misled as to the true maximum or they will speculate as to the cause and they may be more apt to use the announced maximum as the appropriate sentence, for they might believe the reduction was ordered by higher reviewing authorities. Certainly, I much prefer an informed court for it is seldom, if ever, that justice flows from ignorance and if a court is properly instructed that, regardless of prior sentences, it must independently arrive at an appropriate sentence, unfairness is not likely to result. To be sure, the accused will lose the possibility that the court might be misled into believing the sentence limit set by the law officer is for the most aggravated form of the crime when it is not. But that is not a right or privilege that should be accorded one convicted of a crime. He is not entitled to a loaded instruction and, in fairness to the Government, the second court should know that the limitations imposed on it derive from some source other than the Table of Maximum Punishments. If the court is not so informed, each time a case is returned for a rehearing on either findings or sentence, the accused starts with a measuring yard weighted in his favor with the court not knowing of his advantage.

For the reasons above set out, I disagree that the law officer's instructions on sentence at the rehearing in the case at bar were improper. While, as indicated, I believe that courts-martial should be fully advised on all aspects of the sentence and am convinced that better administration would result if they are informed of the true facts, my colleagues conclude otherwise. It is apparent, therefore, that, regardless of the reason for any limitation, court members should be charged in future cases merely on the maximum punishment they may adjudge.

In the case at bar, my brothers, for the reasons set out in their opinion, find that the board of review has purged the instruction of any possible prejudice. With that concept I agree. United States v Crusoe, 3 USCMA 793, 14 CMR 211; United States v Reiner, 8 USCMA 101, 23 CMR 325; United States v Peters, 8 USCMA 520, 25 CMR 24. See also United States v Reid, 10 USCMA 71, 27 CMR 145. Accordingly, I join them in affirming the decision of the board of review.