UNITED STATES, Appellant

v

LEE ELLIS GREEN, Stewardsman, U. S. Navy, Appellee

11 USCMA 478, 29 CMR 294

No. 13,798

Decided May 13, 1960

*Major Ted H. Collins,* USMC, argued the cause for Appellant, United States.

*Fred W. Shields, Esquire,* argued the cause for Appellee, Accused. With him on the brief was *Captain Frederick D. Clements,* USMC.

478

ROBERT E. QUINN, Chief Judge:

A board of review reassessed the sentence adjudged by the special court-martial on the ground that the president of the court erred to the accused's prejudice in instructing that one of the offenses of which he was convicted carried a penalty which included a dishonorable discharge and confinement for five years. The Judge Advocate General of the Navy certified the case to this Court pursuant to the provisions of Article 67(b)(2) of the Uniform Code of Military Justice, 10 USC § 867, on the following issue:

"Did the president of the court-martial err in instructing the members on a maximum sentence which exceeded the statutory maximum for a special court-martial?"

The accused was convicted of two offenses. The first is wrongful appropriation, in violation of Article 121, and the second is forgery, in violation of Article 123, Uniform Code of Military Justice, 10 USC §§ 921 and 923. The president of the court duly instructed the court-martial on the limits of punishment. Objection to part of the instruction was interposed by defense counsel. The record of proceedings is as follows:

"PRES: Well, let's proceed. I would like to instruct the court. You are advised that the maximum sentence which may be imposed in this case of the amount of $20.00 wrongful appropriation is three months confinement, loss of two-thirds pay for a period of three months and the maximum for forgery, Article 123, a dishonorable discharge, a period of confinement for five years. Also proof of two or more previous convictions authorizing a bad conduct discharge and six months confinement. I would like to draw attention to the court that these are maximum sentences, punishments for these offenses. The court, however, is limited to those set forth in the manual; a bad conduct discharge is the maximum this court can allow or assign, six months confinement, loss of two-thirds pay for a like period and reduction in rate.

"DC: One minute, I would like to notice to the instructions as given in that I feel it is improper to advise the court on a sentence which exceeds the maximum which the court can adjudge.

"PRES: The court will be closed."

Substantially the same situation was before this Court in United States v Eschmann, 11 USCMA 64, 28 CMR 288. There the accused was convicted, and sentenced by a general court-martial to a dishonorable discharge and confinement at hard labor for five years. However, the convening authority set aside the sentence and directed a rehearing on the ground that the court was improperly influenced by a command lecture. In addition to instructing on the legal limits of punishment as fixed by the first court-martial, the law officer advised the court members, as did the president in this case, on the maximum penalty authorized by the Table of Maximum Punishments. We held that the latter instruction was improper. In the principal opinion it was pointed out that under the circumstances the Table of Maximum Punishments was "no longer relevant, and the court members should not have been informed of it." The same reasoning is applicable to the present case in that the maximum punishment that can be imposed by a special court-martial is by law limited to no more than partial forfeitures, a bad-conduct discharge, and confinement at hard labor for six months. Accordingly, we answer the certified question in the affirmative.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

This case extends the doctrine of United States v Eschmann, 11 USCMA 64, 28 CMR 288, and denies to the special court-martial valuable information

necessary to aid the members in determining the appropriateness of a sentence. Under the rule announced, they must remain ignorant of the respective severity of offenses as they cannot be told of the true maximum punishment for the crimes of which the accused stands convicted. Every delict from murder to petty larceny is compressed in a common punishment mold by this decision, and special courts must operate in the dark for they must consider all offenses for which the maximum sentence is six months confinement or more of equal gravity. As I have said before, justice does not flourish in ignorance, and it appears unnecessarily inconsistent for the Court to illuminate the punishment scales for a general court-martial and to darken them for its junior brother. Jurisdictional limits of special courts are not the only ingredients which go into the formula for appropriateness of sentence. They are fixed and arbitrary and cast little light on those intangibles which form an important part of the punishment for serious offenses. To consider intelligently the sentence to be imposed on felonies, the special court-martial should be furnished a measuring rod which experience over many years has tailored to fit the crime. The scale set by Congress and the President is the most helpful and best information which can be given to the court to assist the members in ascertaining whether the sentence should be equal to or less than the maximum sentence imposable. To hide statutory penalties from a military court can be equated to concealing the statutes from a civilian judge, and I suggest that no civilian jurisdiction goes quite that far. Obviously, if an accused is tried for robbery by a special court, the fact that that offense carries a maximum sentence of ten years may cause the court to impose six months confinement and a punitive discharge, but why should it be led to believe that the offense is so inconsequential that it carries only a six months' maximum? It is unusual for a court-martial to impose the maximum sentence permissible, and justice does not require that the crime be measured by a scale overweighted heavily in favor of the offender.

I would reverse the decision of the board of review.