UNITED STATES, Appellee

v

GLENN E. TANNER, Private First Class, U. S. Marine Corps, Appellant

11 USCMA 486, 29 CMR 302

No. 13,923

Decided May 13, 1960

*Lieutenant Commander Roland Wm. Coffey*, USNR, was on the brief for Appellant, Accused.

*Captain Warren C. Kiracofe*, USN, was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Present here is the same error in the sentence instruction which we considered in United States v Green, 11 USCMA 478, 29 CMR 294, this day decided. The decision of the board of review as to the sentence is set aside and the record of trial is returned to The Judge Advocate General of the Navy for submission to the board of review for reconsideration of the sentence.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

Accused here pleaded guilty to, and

was convicted of, unauthorized absence and missing movement, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 USC §§ 886 and 887, respectively. After inquiring whether counsel had any proposed instructions on sentence, and receiving negative replies, the president of this special court-martial commenced his instructions as follows:

"I will now instruct the court on sentencing matters and on the maximum legal punishment. The maximum punishment which may be adjudged by a special court-martial in any case is the maximum punishment for that type of court or the maximum total punishment for the separate offenses of which the accused stands convicted, whichever is the lesser punishment. In this case the lesser punishment is the maximum limit for a special court-marial [sic]. The maximum punishment which a special court-martial may adjudge is a bad conduct discharge, confinement at hard labor for six months, forfeiture of two-thirds pay per month for six months and where the accused is not a private, reduction the [sic] rank of private."

Thereafter he mentioned the maximum penalties imposable for each offense but, before concluding, once more emphasized that the maximum the court must utilize in its deliberations on the case was the jurisdictional limitation for a special court-martial.

Thus, and for the reasons I set out in United States v Green, 11 USCMA 478, 29 CMR 294, decided this date, I must disagree with the conclusion of my associates. I would affirm the decision of the board of review.