UNITED STATES, Appellee

v

CLEOPHAS L. BOESE, Airman Apprentice,
U. S. Navy, Appellant

13 USCMA 131, 32 CMR 131

No. 15,743

June 1, 1962

Lieutenant Colonel William H. Bennison, USMC, and Commander John D. Moroney, USN, were on the brief for Appellant, Accused.
Captain James W. Grant, USN, and Lieutenant Harry Lee Hall, USN, were on the brief for Appellee, United States.

### Opinion of the Court

FERGUSON, Judge:

Arraigned before a special court-martial upon a charge of larceny, in violation of Uniform Code of Military Jus-

tice, Article 121, 10 USC § 921, the accused pleaded guilty. Findings of guilty were returned, and he was duly sentenced to bad-conduct discharge, forfeiture of $60.00 per month for six months, confinement at hard labor for six months, and reduction to the grade of airman recruit.

Intermediate appellate authorities reduced the penalty to bad-conduct discharge, forfeiture of $50.00 per month for three months, confinement at hard labor for three months, and reduction to airman recruit, but otherwise affirmed. In so acting, the supervisory authority noted an erroneous reference by the trial counsel to the punishment prescribed in the Table of Maximum Punishments, paragraph 127c, Manual for Courts-Martial, United States, 1951, and reassessed the sentence in light of such error. See United States v Green, 11 USCMA 478, 29 CMR 294. The board of review similarly concluded that the reassessment purged the effect of the reference.

We granted accused's petition for review on the contention that:

"The accused was prejudiced by the improper argument of trial counsel prior to sentence."

Following announcement of the findings of guilty, trial counsel read from the charge sheet the personal data relating to the accused and stated there was no evidence of previous convictions. Defense counsel called two witnesses in mitigation. One, his division chief, testified that accused's work had been entirely satisfactory and that he was an "average" man. Accused's supervisor also declared that he had been "a very good worker" and an "average" sailor.

In a brief argument on sentence, defense counsel summed up the testimony in mitigation; pointed out that accused had no prior disciplinary record; referred to the Manual's statement that the maximum punishment should be reserved for aggravated cases and that the court should consider all pertinent factors in adjudging a sentence; and concluded by stating his belief that "using the Table of Maximum Punish-

ments . . . in this case would be unwise."

In reply, the trial counsel argued that the defense had presented "no effective mitigation . . . in that nothing was brought out as to the character of the accused." He went on to state:

". . . Nothing was brought up as to his behavior on the beach or his appearance before the public or whether he is an outstanding sailor, which is the only mitigation the prosecution feels should be accepted. He is an average sailor but what does that entail. The prosecution feels that the defense has failed to bring this out, but as far as the instructions from the Uniform Code regarding the giving of maximum punishments the prosecution would like to point out that the maximum punishment authorized for Article 121, which is larceny, is five years. Obviously this is away higher than the punishment that can be adjudged by a special court-martial; however this fact would leave the court to disregard the entire statement of the defense in that the mitigation is not needed for a special court-martial in this case."

Defense counsel promptly objected to the argument on the basis that the defense "never so intended to bring out to the court the character and how this man conducts himself on the beach." In reply, the trial counsel referred the court to page 121 of the Manual, supra, and declared in essence, that matters in mitigation were limited to such items as "particular acts of good conduct or bravery. . . . the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other traits that go to make a good officer or enlisted person." He concluded by stating his opinion that "the defense has failed to do this."

Following instructions by the president on the correct maximum sentence which might be adjudged, the court-martial returned the severest penalty available.

Both the supervisory authority and

the board of review seem to have treated the trial counsel's argument as erroneous only with respect to his reference to the maximum sentence prescribed for larceny in the Manual, supra. United States v Green, supra. We believe that the effect of his peroration is far graver.

Aside from the insinuations regarding accused's off-duty conduct contained in the argument, it is plain that the thread of the trial counsel's contention was his statement that matters in mitigation were limited to a demonstration that the accused had performed his duties in an extraordinary manner or was possessed of an above-average record. Moreover, he tellingly informed the court, in effect, that accused had already received all the consideration to which he was entitled at the hands of the convening authority by reason of the reference of the charge to trial by special court-martial. Cf. United States v Estrada, 7 USCMA 635, 23 CMR 99; United States v Fowle, 7 USCMA 349, 22 CMR 139. Certainly, no room is left for any other inference from the conjoining of his statement of the prescribed maximum punishment for larceny and the declaration that "mitigation is not needed for a special court-martial in this case."

Thus, trial counsel's argument did more than expressly urge upon the court-martial the very evil which we have sought to eliminate by our decisions in this area. United States v Eschmann, 11 USCMA 64, 28 CMR 288; United States v Green, supra. Those cases condemned the mere bringing to the court members' attention the fact that the Table prescribed a punishment for accused's offenses beyond that which they might adjudge. Our conclusion there was based upon the belief that knowledge of this factor might fairly be said to incline the sentencing court to abandon its own discretion in favor of the action taken by other members at a former trial or that already exercised by the convening authority in referring the case to an inferior court for trial. Here, the court members were told that the reference alone was justification for disregarding the evidence produced on accused's behalf and, moreover, that, because of the Manual's provisions—which do not at all so state—the testimony so presented was of no consequence.

Considered in its entirety, we are certain the argument tended grossly to mislead the court-martial into concluding that it should disregard the matters in mitigation presented by accused because of the alleged provisions of the Manual and the action of the convening authority in referring a charge normally punishable by five years' confinement to a special court-martial. It is equally clear, therefore, that corrective action for reasons beyond that on which the supervisory authority and the board of review based their reassessments is required in order to assure a full measure of justice to the accused.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board shall reconsider the question of the sentence to be approved in light of this opinion.

Chief Judge QUINN and Judge KILDAY concur.