UNITED STATES, Appellant,

v.

James A. HARRISON, Airman First
Class, United States Air
Force, Appellee.

No. 33,724.
ACM S-24464.

U. S. Court of Military Appeals.

May 8, 1978.

*Colonel Julius C. Ullerich, Jr.*, argued the cause for Appellant, United States.

*Colonel Robert W. Norris*, argued the cause for Appellee, Appellant.

Opinion of the Court

COOK, Judge:

In accordance with his pleas, the appellant was convicted by a special court-martial of possession and use of marijuana (three specifications) and larceny of Government property (three specifications), in violation of Articles 92 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 921, respectively. He was sentenced to be reduced to the grade of E–2, forfeit $160 pay per month for 6 months, confinement at hard labor for 5 months, and a bad-conduct discharge. The convening authority approved the findings and sentence, but deferred the application of the forfeitures until the execution of the sentence. This action was, in turn, approved by the supervisory authority.

The Judge Advocate General of the United States Air Force has certified the following issue to the Court:

WAS THE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THE CONVENING AUTHORITY WAS IMPROPERLY ADVISED OF THE STANDARD FOR EVALUATING WHETHER CLEMENCY SHOULD BE EXTENDED, TO THE PREJUDICE OF ACCUSED?

In his initial post-trial review, the staff judge advocate to the supervisory authority noted that several individuals had recommended either disapproval of the bad-conduct discharge or its suspension. However, the staff judge advocate disagreed with these recommendations and recommended approval of the sentence that had been approved by the convening authority. A copy of the review was served upon trial defense counsel in accordance with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). Defense counsel responded that appellant's military record was unblemished by any disciplinary proceeding under Article 15, UCMJ, 10 U.S.C. § 815, or previous court-martial; he urged the supervisory authority to accept the recommendations for suspension or disapproval of the bad-conduct discharge. The staff judge advocate submitted a rejoinder commenting, in material part, as follows:

The maximum authorized punishment for the accused's offenses exceeded the jurisdictional limits of the special court-martial that found him guilty. But for this limitation, the maximum authorized punishment would have been a dishonorable discharge, ten years confinement, total forfeitures, and reduction to airman basic.[1]

Relying upon *United States v. Green*, 11 U.S.C.M.A. 478, 29 C.M.R. 294 (1960), the Court of Military Review concluded that the quoted comment was improper. It said:

While this advice is technically correct, it sets forth the wrong standard for evaluating whether clemency should be extended. Whatever may have been the reason for referring the accused's case to a special court-martial, once that decision was made, the effective maximum punishment became that imposable by the special court-martial, and the Table of Maximum Punishments of the Manual for Courts-Martial, 1969 (Rev.), became irrelevant to the reviewing authority's clemency deliberations. [*United States v. Harrison*, ACM S24464 (3 Feb. 1977), p. 2—unpublished.]

In *Green*, the Judge Advocate General of the Navy asked this Court to consider whether the Board of Review (now the Court of Military Review) had properly determined it was prejudicial error to instruct the members of a special court-martial that, for the offenses involved, the Table of Maximum Punishments in the 1951 Manual, authorized penalties in excess of those a special court-martial could legally impose. We upheld the decision of the Board of Review. Our ruling referenced *United States v. Eschmann*, 11 U.S.C.M.A. 64, 28 C.M.R. 288 (1959), in which we held that a law officer (now military judge) committed reversible error by instructing the members of a court-martial at a rehearing, not only as to the legal limits of the punishment for a rehearing, *i. e.*, the sentence approved for the original hearing, but also on the maximum punishment authorized in Section A of the Table of Maximum Punishments, *supra*, which exceeded the punishment approved at the first trial. The Court observed that "the limitation contained in the Table of Maximum Punishments, Manual for Courts-Martial, 1951, paragraph 127*c*, was no longer relevant, and the court members should not have been informed of it." *Id.* at 67, 28 C.M.R. at 291. In turn, *Eschmann's* genesis is found in *United States v. Jones*, 10 U.S.C.M.A. 532, 533, 28 C.M.R. 98, 99 (1959); there, the Court held that at a rehearing, "it should not be mentioned that the penalty was reduced on review."

Government counsel urge that *Green* be overruled. We are not persuaded, however, that the ruling is unsound so we adhere to

---

1. There is nothing in the record to indicate that defense counsel was given an opportunity to reply to the additional matters submitted by the staff judge advocate.

it. Alternatively, Government counsel maintain that *Green* is inapplicable because the advice here on the abstract legal limit of punishment was given to the convening authority, whereas in *Green* the instruction was given to court-members. However, just as a theoretical sentence in excess of what the court can consider is irrelevant to the determination of a sentence at the trial, it is irrelevant to the review by the convening authority of the sentence adjudged at trial. Furthermore, the staff judge advocate's reference to the maximum sentence was in response to a defense request for clemency. The conclusion is inescapable that the advice was meant to convey the impression that substantial clemency had already been granted by referring the case to a special court-martial. As we held in *Green*, such is not a proper factor in determining an appropriate sentence. Indeed, to hold otherwise would mean, as a practical matter, that clemency would never be appropriate upon review of a special court-martial.

The certified issue is answered in the affirmative, and the decision of the United States Air Force Court of Military Review is affirmed.

Judge PERRY concurs.

FLETCHER, Chief Judge (dissenting):

I do not agree with the majority opinion. The touchstone for prejudice enunciated in *United States v. Eschmann*, 11 U.S.C.M.A. 64, 28 C.M.R. 288 (1959), is the tendency of the erroneous instructions by the military judge to influence the members of a court in the sentencing decision by means of a previously expressed opinion of sentence propriety. I do not believe this rationale of prejudice can be readily extended to irrelevant information provided by a staff judge advocate to a supervisory authority in his decision to grant clemency. Accordingly, I would answer the certified question of the Judge Advocate General in the negative.