**UNITED STATES, Appellee,**

v.

**Jimmy M. GUTIERREZ, Personnelman Second Class, U.S. Navy, Appellant.**

No. 38,972.
NCM 79 0681.

U. S. Court of Military Appeals.

June 8, 1981.

*For Appellant: Captain E. A. Burnette,* USMC (argued); *Captain Allan H. Meltzer,* USMCR (on brief).

*For Appellee: Lieutenant J. G. Van Winkle,* JAGC, USN (argued); *Commander T. C. Watson, Jr.,* JAGC, USN (on brief); *Lieutenant Colonel A. P. Tokarz,* USMC.

*Opinion of the Court*

COOK, Judge:

Contrary to his pleas, a general court-martial with members convicted the appellant of attempted murder, wrongful possession of a firearm, and assault with a dangerous weapon, in violation of Articles 80, 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892 and 928, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 12 years, total forfeitures, and reduction to pay grade E–1. The convening authority approved the findings and sentence. A majority of the United States Navy Court of Military Review held that the military judge had instructed the members on sentencing in a manner inconsistent with the provisions of paragraph 76*b*(1), Manual for Courts-Martial, United States, 1969 (Revised edition), by advising them of the maximum imposable punishment for *each* offense. However, the court further held that the appellant had not been prejudiced. 8 M.J. 865 (1980). One judge concurred in the result, noting his disagreement with the majority's interpretation of the Manual provision. The Judge Advocate General of the Navy has certified an issue to this Court which questions the correctness of the majority's interpretation of that provision. 9 M.J. 35 (1980).

■ Absent a contrary decision by this Court, a determination of a rule of law by a service Court of Military Review is controlling authority for all courts-martial in that service. Thus, the instructional rule declared by the court in this case will govern all future trials in the Navy. We have considered the probable future impact on

courts-martial practice of a declaration of law by an appellate tribunal to be sufficient reason to respond to a certified question as to the correctness of that tribunal's determination. In *United States v. Lindsay*, 12 U.S.C.M.A. 235, 30 C.M.R. 235 (1961), the Court concluded that declarations by an Army Board of Review (now Court of Military Review) as to limitations on its authority to reassess a sentence "were obviously dicta and conditional," but, nevertheless, the Court deemed it necessary to correct the intermediate tribunal's erroneous declaration of law. *Id.* at 241, 30 C.M.R. at 241 (footnote omitted). Although unarticulated, the impetus for the Court's response was the effect of the erroneous ruling on future decisions of the Board of Review. Moreover, the instructional rule required by the Navy tribunal in this case is contrary to that authorized by a decision of an Air Force appellate tribunal. *United States v. Kauffman*, 33 C.M.R. 748, 797 (A.F.B.R. 1963), *reversed on other grounds*, 14 U.S.C.M.A. 283, 34 C.M.R. 63 (1963), *but see* decretal paragraph. *Id.* at 300, 34 C.M.R. at 80. Resolution of conflicting decisions by different service appellate tribunals is one of the major reasons Congress authorized certification for review. *See United States v. Redding*, 11 M.J. 100 (Fletcher, J., dissenting). These circumstances distinguish the present case from that before the Court in *United States v. Clay*, 10 M.J. 269 (C.M.A.1981). There, the Court determined that the declared rule of law certified for review could not "'material[ly] ... [alter] the situation for the accused or for the Government.'" We conclude, therefore, that the question raised by the certificate for review is not moot.

Paragraph 76*b*(1) contains the following language:

> The maximum punishment will be the lowest of the following: the total permitted by 127*c* for the offenses of which the accused stands convicted, or the jurisdictional limit of the court-martial (see Art. 19), or, in a rehearing or new or other trial of the case, the maximum authorized pursuant to 81*d* or 110*a*(2). A court-martial must not be advised of the basis for the sentence limitation or of any sentence which might be imposed for the offense if not limited as set forth above.

Apparently the majority below interpreted the word "total" as precluding any reference to individual offenses where multiple offenses are before the trial court. We disagree.

 Under military practice, one sentence is imposed for all offenses before the court. *See United States v. Castrillon-Moreno*, 7 M.J. 414, 416, 418 (C.M.A.1979) (Cook, J., dissenting). The military judge in the present case did instruct the members on the total maximum imposable punishment and only one sentence was imposed. The quoted language was not contained in the 1951 Manual for Courts-Martial,[1] but it was added to the 1969 Manual, *supra*, to incorporate the legal requirements of several cases of this Court. Department of the Army Pamphlet 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Revised edition), page 13–9. An examination of those cases clearly reveals their inapplicability to the circumstances involved here.

In *United States v. Jones*, 10 U.S.C.M.A. 532, 28 C.M.R. 98 (1959), the Court held that during a rehearing the members should not be told that the maximum penalty had been reduced on review, or about the basis of the limitation placed on the maximum sentence resulting from the original hearing. We held the *Jones* admonition was applicable in *United States v. Eschmann*, 11 U.S.C.M.A. 64, 66, 28 C.M.R. 288, 290 (1959), where the members were advised of the maximum imposable punishment "normally ... authorized by the Table of Maximum Punishments," although they were further instructed that the sentence was limited by the sentence imposed as a result of the original trial. We held the advice would cause the present court members to rely upon the discretion of a former court-martial concerning the appropriateness of the sentence.

1. Manual for Courts-Martial, United States, 1951.

*Id.* at 67, 28 C.M.R. at 291. Here, there has been no previous action by a sentencing authority which either limited the maximum imposable punishment set forth in the Table of Maximum Punishments,[2] or could exert some influence over the court numbers. The Court held in *United States v. Green,* 11 U.S.C.M.A. 478, 29 C.M.R. 294 (1960), that members of a special court-martial should not be told that the maximum imposable punishment would have been much greater if the offense had been referred to a general court-martial. *See United States v. Harrison,* 5 M.J. 34 (C.M.A. 1978). Appellant was tried by a general court-martial that was limited only by the Table of Maximum punishments and the *Green* rationale is inapplicable here.

In view of the purpose of paragraph 76b(1), we hold the court below imposed an unwarranted limitation on the sentence instructions. *See United States v. Tomaszewski,* 8 U.S.C.M.A. 266, 24 C.M.R. 76 (1957); *United States v. Jenkins,* 7 U.S.C.M.A. 261, 22 C.M.R. 51 (1956); *United States v. LaGrange,* 1 U.S.C.M.A. 342, 3 C.M.R. 76 (1952). Indeed, this Court has previously upheld individualized instructions under circumstances that would not mislead the members as to the total maximum punishment. *United States v. Barnes,* 11 U.S.C.M.A. 671, 29 C.M.R. 487 (1960). We believe the authors of the Military Judge's Guide, DA PAM 27–9,[3] which provides recommended instructions on maximum punishments, have correctly interpreted the previous decisions of this Court and paragraph 76b(1) of the Manual, *supra,* by permitting individualized instructions followed by a total which does not exceed the jurisdictional limit of the court-martial, or that otherwise authorized by law.

We answer in the negative the certified question and affirm the findings and sentence approved by the United States Navy Court of Military Review.

FLETCHER, J., concurs.

EVERETT, Chief Judge (concurring in the result).

Since the defense made no objections, I find no error by the military judge in giving the instructions concerning the maximum punishment for each of the several offenses of which appellant was convicted. However, if there had been an objection, I would find error in furnishing such advice—although in a case like this, where the maximum punishment is not limited because of the jurisdiction of the court or because a rehearing is involved, I would be hard pressed to find prejudice.

Unlike its 1951 predecessor, the 1969 Manual for Courts-Martial states that:

> The maximum punishment will be the lowest of the following: the total permitted by 127c for the offenses of which the accused stands convicted, or the jurisdictional limit of the court-martial (*see* Article 19), or, in a rehearing or new or other trial of the case, the maximum authorized pursuant to 81d or 110a(2). A court-martial must not be advised of the basis for the sentence limitation or of any sentence which might be imposed for the offense if not limited as set forth above.

Para. 76b(1), Manual for Courts-Martial, United States, 1969 (Revised edition). Because each of the punitive articles of the Uniform Code of Military Justice prescribes that transgressors "shall be punished as a court-martial may direct,"[1] paragraph 127c of the Manual—the Table of Maximum Punishments—is, in a very real sense, a "sentence limitation."[2] Thus, it is not at

---

2. Para. 127c, Manual for Courts-Martial, United States, 1969 (Revised edition).

3. *See generally* para. 8–3.

1. *See* Articles 78, 80–133, Uniform Code of Military Justice, 10 U.S.C. §§ 878, 880–933. *Cf.* Article 134, UCMJ, 10 U.S.C. § 934.

2. The sentence limitation for each offense provided in the Table of Maximum Punishments is

authorized by Article 56, UCMJ, 10 U.S.C. § 856:

> The punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense.

*See* para. 14b, Manual for Courts-Martial, United States, 1969 (Revised edition); *see also* Article 18, UCMJ, 10 U.S.C. § 818.

all clear to me whether the admonition in the above-quoted Manual provision against informing court members "of the basis for the sentence limitation" refers merely to that arising out of the nature of a special court-martial and of a rehearing, or refers also to the Table of Maximum Punishments itself.[3] Accordingly, to advise the court members of the maximum punishment under the Table of Maximum punishments for *each* of the offenses of which the accused stands convicted serves, in one sense, to advise them indirectly of the basis for a sentence limitation.

However, my basic difficulty with the instruction as to the maximum punishment for each separate offense is that it runs counter to the theory of the "unitary sentence," which has been part of military law since the enactment of the Uniform Code, *see United States v. Keith*, 1 U.S.C.M.A. 442, 4 C.M.R. 34 (1952), and for decades prior to that time. The court members are required to pronounce a single sentence, *see*

para. 76c, Manual, *supra*. As the Court of Military Review wisely recognized, advice to the court members about the maximum punishments for the separate offenses tends to confuse them and divert them from that objective. Moreover, in the not infrequent situation where, for purposes of sentencing, there is multiplicity of the charges, it will be difficult to advise as to the maximum punishment for each offense without launching upon a detailed discussion of multiplicity as a limitation on the maximum sentence imposable. And under the rationale of the cases cited in footnote 3, *supra*, this itself might well be error. Also, there are possibilities of confusion when the punishment for one offense includes a dishonorable discharge and that for another extends only to a bad-conduct discharge. While court-martial members should not languish in ignorance, they should also be shielded from information which could well tend to confuse or mislead them.

---

**3.** It appears that the sentence in the quoted portion of paragraph 76b(1) barring instructional reference to sentence limitations had its genesis in a series of decisions by this Court between 1951 and 1969, holding that instructing or advising members of the method for determining the maximum sentence which could be awarded at a special court-martial or at a rehearing is improper. *See United States*

*v. Whitacre*, 12 U.S.C.M.A. 345, 30 C.M.R. 345 (1961); *United States v. Witherspoon*, 12 U.S.C.M.A. 177, 30 C.M.R. 177 (1961); *United States v. Pace*, 11 U.S.C.M.A. 482, 29 C.M.R. 298 (1960); *United States v. Jones*, 10 U.S.C.M.A. 532, 28 C.M.R. 98 (1959). Nonetheless, the *impact* of the remedial language may be greater than the ill which it was intended to address.