# UNITED STATES

## v.

**Slate L. MONTGOMERY, 559 43 6220, Fireman Recruit (E–1), U.S. Navy.**

### NMCM 89 1607C.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 17 March 1989.

Decided 14 Nov. 1989.

LT Jacob R. Walker, JAGC, USNR, Appellate Defense Counsel.

LT Charles A. Polen, JAGC, USNR, Appellate Government Counsel.

EN BANC.

BYRNE, Chief Judge:

Appellant was found guilty, consistent with his pleas, of desertion, use of marijuana on 11 January 1989, use of methamphetamine on 11 January 1989, and use of methamphetamine on 17 February 1989, in violation of Articles 85 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 885 and 912a. The military judge sitting alone as a special court-martial sentenced appellant to confinement for 3 months, forfeitures of $450.00 pay per month for 3 months and a bad-conduct discharge. The convening authority approved the findings and sentence but suspended the confinement in excess of 60 days in accordance with the terms of the pretrial agreement.

This case was initially submitted to this Court without any assignment of error. A panel of this Court held that the marijuana and methamphetamine offenses on 11 January 1989 were multiplicious for findings, but found the appellant had not been prejudiced because the offenses had been considered multiplicious for sentencing at trial. The Government thereafter requested *en banc* reconsideration. We granted this request in order to clarify a conflict between two panels of this Court.[1]

The facts in this case are not in dispute. The appellant on 11 January 1989 wrongfully used marijuana and methamphetamine simultaneously by engaging in one act of inhaling a "joint" that contained both drugs. The precise issue, therefore, is whether this single act of ingestion constitutes one offense of wrongfully using two controlled substances or two offenses of wrongfully using one controlled substance each.[2]

The leading case in the area of multiplicity is *United States v. Baker*, 14 M.J. 361 (C.M.A.1983), which sets forth the tests to be used for examining whether offenses, which arise out of one transaction, are multiplicious for referral, for findings or for sentencing. The three types of multiplicity are arranged on a continuum so that a finding of multiplicity as to findings automatically requires a similar finding as to sentencing. As the law is already settled that simultaneous use of two different controlled substances is multiplicious for sentencing, our holding as to multiplicity for findings will only affect the number of offenses of which appellant can be convicted, but will, under the circumstances of this case, leave undisturbed the affirmed sentence.

A two-step analysis is used for determining if two offenses which arise out of the same transaction or occurrence are multiplicious for findings. Offenses are multiplicious for findings: (a) where one offense contains only elements of, but not all the elements of, the other offense; or (b) where one offense contains different elements from the other offense, but these different elements are fairly embraced in the factual allegations of the other offense as established at trial. *Baker*, at 368. The first analysis is a legal determination based on the elements of the offense as defined by Congress in the UCMJ, while the second analysis is a factual determination based on how the specifications are drafted and what evidence is admitted at trial.

As guidance in applying this two-step analysis, we look to the recent opinion on multiplicity for findings enunciated by our superior court in *United States v. Guerrero*, 28 M.J. 223 (C.M.A.1989). In that case the accused had "from a single act of communication at the same time and place to

---

1. *United States v. Montgomery*, No. 89–1607 (NMCMR 15 June 1989). *Contra United States v. Smith*, No. 88–2057 (NMCMR 25 November 1988); *United States v. Lightner*, No. 88–0916 (NMCMR 18 November 1988).

2. "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Discussion, Rule for Courts–Martial 307(c)(4), Manual for Courts–Martial, United States, 1984.

[two] potential witnesses" committed "a single offense" of wrongfully endeavoring to impede a criminal investigation. The Court rejected the contention that the number of witnesses who had been requested to falsely testify established the appropriate number of specifications. In rejecting this contention, the Court determined that the intent of Congress was to protect the administration of justice in the military and not individual witnesses. This intent of Congress was found by the Court to have been expressed on the face of the statute.

■ All offenses involving controlled substances, whether constituting use, possession, distribution, introduction or manufacture, are defined by Article 112a, UCMJ. Congress, in this article, has made criminal any of the above actions whether committed with the specifically listed controlled substances of opium, heroin, cocaine, amphetamine, lysergic acid diethylamide, methamphetamine, phencyclidine, barbituric acid, and marijuana, or any other substance prescribed by the President and listed on a schedule of controlled substances. Accordingly, there are only two elements for an offense under Article 112a, UCMJ: (1) that the accused used a controlled substance; and (2) that the use by the accused was wrongful.

The two specifications in question of which appellant was convicted are as follows:

In that Fireman Recruit Slate Lewis Montgomery, U.S. Navy, Transient Personnel Unit, Naval Station, San Diego, California, on active duty, did, at or near San Diego, California, on or about 11 January 1989, wrongfully use methamphetamine.

In that Fireman Recruit Slate Lewis Montgomery, U.S. Navy, Transient Personnel Unit, Naval Station, San Diego, California, on active duty, did, at or near San Diego, California, on or about 11 January 1989, wrongfully use marijuana.

The two specifications are exactly the same in all respects but one. They contain the

same date, the same location, the same subject matter and personal jurisdiction, and the same criminal act of use of a controlled substance. Furthermore, at trial, it was factually established that the two offenses occurred at the same time and in the same manner. The only difference between the two specifications is the type of controlled substance used. Therefore, under the facts of this case, where there was one act of ingesting two controlled substances, we find that because the two offenses fairly embrace the factual allegations of the other, they are multiplicious for findings.[3]

■ In so holding we reject the contention of the Government that Congressional intent to have these two offenses be considered separate for findings, so as to permit trial courts the flexibility to penalize "each" act involving a controlled substance, would be thwarted if we were to hold these offenses multiplicious for findings. *See United States v. Davis*, 656 F.2d 153, 159 (5th Cir.1981) (which examined the legislative history to the Comprehensive Drug Abuse Prevention and Control Act (Drug Abuse Act), 21 U.S.C. §§ 801–971.) First, *Davis* can be factually distinguished because possession was the criminal act alleged and not simply use. Use is the end result in the distribution chain of controlled substances and possession is the intermediate step which can lead to further distributions, possessions, and ultimately use. *See United States v. Smith*, 14 M.J. 430, 432 (C.M.A.1983). Second, unlike civilian offenses under the Drug Abuse Act, this flexibility to punish each act involving a controlled substance under Article 112a, UCMJ, is not permitted in courts-martial practice because simultaneous use of two controlled substances is multiplicious for sentencing and therefore not separately punishable. *Cf. United States v. Hughes*, 1 M.J. 346 (C.M.A.1976) (even simultaneous possession of two different drugs held to be multiplicious for sentencing in courts-martial practice). Accordingly, we are not

---

**3.** We specifically do not address whether two different acts of ingesting two different drugs will be considered multiplicious for findings.

*See United States v. Bostic,* 20 M.J. 562 (ACMR 1985).

persuaded by this argument that Congress intended the UCMJ to define the two offenses involved herein to be separate offenses.[4]

On the basis of the foregoing *en banc* reconsideration, we consolidate Specifications 1 and 2 of Charge II into Specification 1, which is amended by adding the words "and marijuana." Subject to that amendment, the findings of guilty as approved on review below are affirmed. Since the military judge considered Specifications 1 and 2 of Charge II to be multiplicious for sentencing, the appellant has not been prejudiced. Accordingly, the sentence as approved on review below is affirmed.

Senior Judges McLERAN and ALBERTSON and Judges WILLEVER, FREYER, STRICKLAND, JONES, HILTON, and RUBENS concur.

UNITED STATES

v.

**Robin A. COVINGTON, 250 57 9725, Fireman Apprentice (E–2), U.S. Navy.**

**NMCM 89 2379.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 25 May 1989.

Decided 16 Nov. 1989.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

Capt Rose M. Favors, USMC, Appellate Government Counsel.

Before McLERAN, Senior Judge, and HILTON and RUBENS, JJ.

---

**4.** We also note that the same flexibility on sentencing that exists in federal civilian criminal trials, including consecutive or concurrent sentences, does not exist in the military where one

sentence is to be imposed for all the offenses of which the accused is convicted. *See United States v. Gutierrez,* 11 M.J. 122 (C.M.A.1981).