**UNITED STATES, Appellee,**

v.

**Private First Class Lee A. MURPHY, 142–56–9676, United States Army, Appellant.**

**SPCM 19476.**

U.S. Army Court of Military Review.

27 Feb. 1987.

---

For appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC (on brief).

Before DeFORD, WILLIAMS and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

DeFORD, Senior Judge:

This case is before the court for further review pursuant to Article 66 of the Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 866 (Supp II. 1984), following completion of a rehearing on sentence as previously ordered by the court. *United States v. Murphy*, SPCM 19476 (A.C.M.R. 28 Mar.1986) (unpub.). That action was based on the decision of the United States Court of Military Appeals, 22 M.J. 113 (C.M.A.1986) (summary disposition), which reversed a portion of this court's earlier memorandum opinion in this case. *United States v. Murphy*, SPCM 19476 (A.C.M.R. 30 Mar. 1984) (unpub.).

The rehearing on sentence was conducted at the U.S. Army Correctional Activity, Fort Riley, Kansas, on 2 July 1986. At that rehearing, the appellant waived trial by members and requested trial by military judge alone, which was approved. At the conclusion of the rehearing on sentence, the military judge sentenced the appellant to a bad-conduct discharge and reduction to the grade of Private E–1.

Now before us appellant alleges the military judge erred by incorrectly determining the maximum sentence applicable to the rehearing on sentence. A complete understanding of the scope of appellant's allegation of error requires a recitation of the history of this case to date.

On 13 May 1983, appellant was convicted by a special court-martial at Mannheim, Federal Republic of Germany, of four specifications which consisted of two specifications each of wrongful possession and wrongful distribution of 3.3 grams and 17.7 grams, respectively, of hashish. The court-martial, consisting of officer and enlisted members, sentenced the appellant to a bad-conduct discharge, confinement for six months, forfeiture of $367.00 pay per month for six months, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for four months, forfeiture of $367.00 pay per month for four months, and reduction to the grade of Private E–1.

During the appellant's initial incarceration, the commander of the U.S. Army Correctional Activity, Fort Riley, Kansas, on 2 August 1983, remitted the unexecuted portion of the approved sentence to confinement for four months. Appellant had served eighty-one days of the approved sentence.

On appeal, this court found prejudicial error was committed during the trial in that the military judge failed to instruct the court members that, when voting on the proposed sentences, the court members must begin with the lightest proposal and continue in like manner until reaching the mandatory concurrence of two-thirds of the members present at the time the vote was taken. This court, as a consequence of the foregoing error, reassessed and affirmed

only so much of the sentence as provided for a bad-conduct discharge and reduction to the grade of Private E–1. *United States v. Murphy*, SPCM 19476 (A.C.M.R. 30 Mar. 1984) (unpub.).

Appellant then petitioned the United States Court of Military Appeals for a grant of review of this court's decision. That court, on 15 November 1984, granted on Issues I and III raised by appellate defense counsel as follows:

## I

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN REASSESSING THE SENTENCE INSTEAD OF ORDERING A REHEARING, AFTER HOLDING THAT THE MILITARY JUDGE HAD ERRED BY FAILING TO INSTRUCT THE MEMBERS TO BEGIN VOTING WITH THE LIGHTEST SENTENCE PROPOSED; AND

## III

WHETHER SPECIFICATIONS 1 AND 3 (POSSESSION OF HASHISH) ARE LESSER INCLUDED OFFENSES OF SPECIFICATIONS 2 AND 4 (DISTRIBUTION OF HASHISH) AND THEREFORE MUST BE DISMISSED.

*United States v. Murphy*, 19 M.J. 155 (C.M.A.1984) (order granting petition for review).

Thereafter, that court, on 13 March 1986, issued its decision on the foregoing granted issues as follows:

No. 50076/AR. *U.S. v. Lee A. Murphy.* CMR 19476. Upon further consideration of the granted issues (19 M.J. 155), it appears that specifications 1 and 3 of the Charge (possession of marihuana) are multiplicious for findings with specifications 2 and 4 of the Charge (distribution of marihuana). *United States v. Zubko*, 18 M.J. 378 (C.M.A.1984). Although this multiplicity did not prejudice appellant as to sentence, we conclude that he may be entitled to relief as to sentence because issue I is resolved in his favor. *United States v. Fisher*, 21 M.J. 327 (C.M.A.

1986). Accordingly, it is ordered that the decision of the United States Army Court of Military Review is reversed as to specifications 1 and 3 of the Charge and the sentence, and the findings of guilty as to those specifications are set aside and those specifications are dismissed; and that the record of trial is returned to the Judge Advocate General of the Army for submission to that court, which shall reassess the sentence and aptly either reduce it or affirm it, unless, within 20 days of the date of this order, appellate defense counsel requests a rehearing on sentence. If such a request is made to that court, it will set aside the sentence and order a rehearing on sentence.

*United States v. Murphy*, 22 M.J. 113 (C.M.A.1986) (summary disposition).

Pursuant to the mandate from the Court of Military Appeals, and at the request of appellant, this court entered an order setting aside the sentence and authorizing a rehearing on sentence by the same or a different convening authority. *United States v. Murphy*, SPCM 19476 (A.C.M.R. 28 Mar. 1986) (unpub.).

As noted, the rehearing ordered above was directed and held at the U.S. Army Correctional Activity, Fort Riley, Kansas, on 2 July 1986. During that rehearing, trial defense counsel, as does appellate defense counsel before us, urged the court to determine that the maximum punishment should only include a bad-conduct discharge and reduction to the grade of Private E–1. The thrust of their argument was that, since this court had reassessed appellant's sentence in its decision of 30 March 1984 based upon a valid legal error, and even though there remained error in the case, the maximum punishment was reduced to the sum of the punishments so found by the Court of Military Review in its decision of 30 March 1984.

The prosecutor argued that, in view of the fact that the United States Court of Military Appeals reversed the Court of Military Review in its decision of 13 March 1986 (22 M.J. 113 (C.M.A.1986)) and determined that this court was in error in reas-

sessing appellant's sentence instead of ordering a rehearing as required by law, this court's action was based upon an erroneous conclusion of law and consequently should have no impact on the determination of an appropriate maximum punishment. The military judge accepted the prosecutor's argument and determined the maximum punishment to be a bad-conduct discharge, confinement for 81 days, forfeiture of $367.00 pay per month for four months, and reduction to the grade of Private E–1. At the conclusion of that rehearing on sentence, the military judge sentenced appellant to a bad-conduct discharge and reduction to the grade of Private E–1.

Appellate counsel before us have taken essentially the same positions on the issue of the maximum punishment as did their counterparts at the trial level.

Article 63(b) [1], UCMJ, 10 U.S.C. § 863(b), provides in pertinent part:

> (b) [U]pon a rehearing the accused may not be tried for any offense of which he was found not guilty by the first court-martial, and no sentence in excess of or more severe than the original sentence may be imposed,....

Further, paragraph 81(d) of the Manual for Courts-Martial, United States, 1969 (Rev. ed.) [hereinafter cited as M.C.M.1969], which is controlling here,[2] provides in part:

> Offenses on which a rehearing or new trial is held shall not be the basis for punishment in excess of or more severe than the legal sentence upon a previous hearing or trial, as ultimately reduced by the convening authority or other proper authority when any such action has been taken. Thus, if the sentence in the previous proceeding to dishonorable discharge, confinement at hard labor for three years, and total forfeitures was

modified by a convening authority or other proper authority to bad-conduct discharge, confinement at hard labor for two years, and total forfeitures, based upon consideration of appropriateness or clemency, the sentence as modified is the most severe which can be predicated on findings of guilty of the reheard offenses....

In the early case of *United States v. Dean*, 23 C.M.R. 185 (C.M.A.1957), the court considered a case in which an accused had been convicted of rape and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for twenty years. However, the convening authority approved only findings of guilty of assault with intent to commit rape and reduced the period of confinement to two years. He also suspended execution of the discharge. *Dean*, 23 C.M.R. at 187. The Army Board of Review set aside the convening authority's action because he had referred to matters outside the record. *Id.* It then directed that the case be forwarded to a different court-martial convening authority for a new review and action. On the second review, the staff judge advocate recommended that the second convening authority should not approve a finding or sentence more severe than that previously approved. The second convening authority, without stating his reasons, rejected the staff judge advocate's recommendation and affirmed the court-martial's finding of rape. He also approved a sentence which did not provide for suspension of the discharge. A second board of review affirmed the second convening authority's action. *Id.*

A divided court reversed the decision of the second board of review, stating the original convening authority had the absolute discretion in approving or disapproving the findings of guilty by the court-martial

---

1. Article 63, UCMJ, 10 U.S.C. § 863 was amended by Pub.L. 98–209, § 5(d), 97 Stat. 1398 on 6 December 1983 to delete paragraph (a). Article 63, as currently constituted, consists of what was formerly Article 63(b).

2. Executive Order No. 12473 of the President of the United States of America promulgating the Manual for Courts-Martial, United States, 1984

[hereinafter cited as M.C.M., 1984] prescribes, among other matters, that trials in which arraignment has been held, or other action begun prior to the effective date of the M.C.M., 1984, may be completed in accordance with applicable laws, Executive Orders, and regulations in the same manner and with the same effect as if the M.C.M., 1984 had not been prescribed.

and in modifying the adjudged sentence. *Dean*, 23 C.M.R. at 188. His action fixed the limits of both the findings of guilty and the sentence in all subsequent proceedings in the case. *Id.* Further, the court said Congress intended that the review of the convening authority's action by appellate authorities be for the benefit of an accused. *Id.* The action by a board of review is always taken on behalf of the accused and in his own interest. An accused may never be prejudiced by this appellate review: consequently, he cannot be tried for an offense greater than that charged at the first trial, nor can he receive a sentence greater than that adjudged at the first trial as approved by the convening authority. *Dean*, 23 C.M.R. at 189, citing *United States v. Jeffcoat*, 78 A.B.R. 291 (1948).

Two years later in *United States v. Jones*, 28 C.M.R. 98 (C.M.A.1959), the court reversed a decision of the board of review affirming a rehearing in which the military judge had advised the court on rehearing that the maximum punishment was that adjudged in the original trial without consideration of the convening authority's action reducing the sentence. There, Judge Ferguson, speaking for the majority in a divided court, stated:

> In order that there be no further misunderstanding, we reassert the conclusion implicit in *Dean, supra*, that the maximum sentence which may be adjudged on any rehearing is limited to the lowest quantum of punishment approved by a convening authority, board of review, or other authorized officer under the Code, prior to the second trial unless the reduction is *expressly and solely predicated on an erroneous conclusion of law.*

*Jones*, 28 C.M.R. at 99 [emphasis added].

It is readily apparent that the issue in this case turns on whether this court's decision of 30 March 1984 was "expressly and solely predicated on an erroneous conclusion of law."

It cannot be questioned that this court's decision to reverse the trial court's instructional error was based upon a valid legal premise. *United States v. Lumm*, 1 M.J.

35, 36 (C.M.A.1975); *United States v. Johnson*, 40 C.M.R. 148 (C.M.A.1969). The fact that this court failed to recognize the multiplicity errors contained in the record of trial does not change that determination. However, the Court of Military Appeals' decision in *United States v. Murphy*, 22 M.J. 113 (C.M.A.1986) (summary disposition), reversed this court on the multiplicity issue. The court *also* resolved Issue I, whether this court could reassess versus order a rehearing following the trial judge's instructional error, in favor of the appellant, citing *United States v. Fisher*, 21 M.J. 327 (C.M.A.1986). *Fisher* addressed both the instructional error and the issue of whether the instructional error constituted plain error. The court determined that, although the instructional error has in the past been considered plain error, *see United States v. Johnson*, 40 C.M.R. at 149, in the future such a claim must be evaluated against the entire record. *Fisher*, 21 M.J. at 329. Consequently, recognition of such an error in this case, as it had in the past, constituted plain error and had the effect of requiring a rehearing. *United States v. Murphy*, 22 M.J. at 113; *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986); *see also United States v. Johnson*, 40 C.M.R. at 149.

We must then conclude that this court's decision to reassess the appellant's sentence was "expressly and solely predicated upon an erroneous conclusion of law," *Jones*, 28 C.M.R. at 99, in that this court had the power to effect reassessment, when in fact this court was required to order a rehearing. *United States v. Lumm*, 1 M.J. at 36; *United States v. Johnson*, 40 C.M.R. at 149.

Accordingly, we conclude that the military judge correctly determined the maximum punishment applicable in the appellant's case and applied the correct maximum punishment in determining an appropriate sentence in appellant's sentence rehearing.

The findings of guilty and the sentence are affirmed.

Judge WILLIAMS and Judge KENNETT concur.