## UNITED STATES

v.

**Thomas C. FERGUSON, 412 31 6564 Airman Recruit (E–1), U.S. Navy.**

**NMCM 84 1318R.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 April 1987.

Decided 14 Oct. 1988.

---

L.Cdr. ROBERT J. SMITH, JAGC, USN,
Appellate Defense Counsel.

Lt. SCOTT A. HAGEN, JAGC, USNR,
Appellate Government Counsel.

Before BYRNE, C.J., and
COUGHLIN and RUBENS, JJ.

RUBENS, Judge:

By its decision of 12 December 1986, *United States v. Ferguson*, 23 M.J. 275 (C.M.A.1986) (summary disposition), the United States Court of Military Appeals affirmed the decision of the United States Navy–Marine Corps Court of Military Review, *United States v. Ferguson*, No. 84 1318 (NMCMR 25 April 1984), as to findings[1] but reversed as to sentence. The Court authorized a *DuBay* hearing or, if that was impracticable, a rehearing on sentence. The convening authority found a *DuBay* hearing impracticable and ordered a rehearing on sentence. At the rehearing on 16 April 1987, the members sentenced appellant to confinement for seven years, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority approved the sentence but suspended confinement in excess of 78 months in accordance with the pretrial agreement.[2]

The record of trial is before us for review again. Appellant assigns three errors.[3] We have examined the record of trial, the assignments of error, and the Government's reply thereto, and have concluded that assignments I[4] and II[5] are without merit. With respect to assignment III, appellant asserts, the Government concedes, and we agree that the military judge's instructions regarding the maximum punishment were erroneous. He instructed the members that the maximum period of confinement which could be adjudged was eight years (96 months), the same period of confinement adjudged at the first hearing and approved on review by the convening authority. However, pursuant to the pretrial agreement the conven-

---

1. Pursuant to his pleas, appellant was convicted of conspiracy to possess with intent to distribute, conspiracy to distribute, possession with intent to distribute, and distribution of LSD in violation of Articles 81 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 912a, respectively.

2. The convening authority's action also remits the suspended confinement as the suspension period had run.

3. I. The military judge erred by refusing to reopen the providence inquiry at appellant's sentence rehearing. II. The military judge

erred by failing to grant appellant's challenge for cause of Lieutenant Commander Ward, who had previously sat as a member in a companion case. III. The military judge erred by instructing the members that the maximum permissible confinement was eight years.

4. *See* R.C.M. 810(a)(2)(B), MCM, 1984, and *United States v. Barfield*, 2 M.J. 136 (C.M.A.1977).

5. *See United States v. Reynolds*, 23 M.J. 292 (C.M.A.1987) (military judge's discretion on denial of a challenge after a personal colloquy with questioned member entitled to great deference).

ing authority had suspended all confinement in excess of 78 months for a period of one year from the date of trial. Since the suspension period had passed, the suspended confinement had already been remitted by operation of law before the rehearing on sentence. R.C.M. 1108(e), MCM, 1984. Thus, the maximum period of confinement which could *then* have been imposed was 78 months, and the members should have been so instructed. Article 63, UCMJ, 10 U.S.C. § 863. *See United States v. Jones,* 10 U.S.C.M.A. 532, 28 C.M.R. 98 (1959), *United States v. Dean,* 7 U.S.C.M.A. 721, 23 C.M.R. 185 (1957), and *United States v. Murphy,* 23 M.J. 862 (ACMR 1987).

The sentence to seven years confinement (84 months) adjudged at the rehearing on sentence was thus in excess of the maximum allowable confinement of 78 months. Although the convening authority approved the entire adjudged confinement, he again suspended the period in excess of 78 months in accordance with the pretrial agreement and then immediately remitted that portion of the confinement because the one year period of suspension had long since run its course. Accordingly, in view of the sentencing error, we must now reassess the 78 months of confinement that remain following the action on review below.

Upon reassessment we affirm only so much of the sentence as provides for forfeiture of all pay and allowances, confinement for six years, and a dishonorable discharge. *See United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

Chief Judge BYRNE and Judge COUGHLIN concur.