**UNITED STATES**

v.

**Bryon Stephen VANDENHEUVEL, 367 66 6150, Radioman Seaman (E–3), U. S. Navy.**

**NCM 80 0395.**

U. S. Navy Court of Military Review.

Sentence Adjudged 6 April 1979.

Decided 28 Nov. 1980.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before BAUM, PRICE and EDWARDS, JJ.

EDWARDS, Judge:

Appellant comes before us convicted contrary to his pleas, *inter alia*, of wrongful sale and transfer of lysergic acid diethylamide (LSD) in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, as proscribed by Article 1151, *Navy Regulations, 1973.* He contends that the military judge erred in finding him guilty of sale and transfer of LSD in that the evidence establishes, at most, attempted sale and transfer of mescaline. The evidence at trial shows that appellant sold and transferred to a government agent what was represented by appellant, and thought to be by the government agent, mescaline. Upon analysis, however, and as established by competent evidence at trial, the substance sold was LSD; both mescaline and LSD are controlled substances found in Schedule I of the Drug Enforcement Administration's Schedule of Controlled Substances, 21 C.F.R. § 1308.11 (1980).

The case of a "bad druggist" is not at all uncommon when dealing in illicit drug transactions. It is rather uncommon that appellant, for the first time on appeal, claims that the findings cannot be affirmed because the evidence shows that he believed, at the time of the sale and transfer, that the actual substance was other than he represented to the buyer and that therefore he at most attempted to sell a substance other than the substance in the pleadings. We do not agree with this assertion.

This Court has repeatedly held that an accused's lack of knowledge of the specific form of the controlled substance does not render his guilty plea improvident. *United States v. Mika*, No. 79 1047 (N.C. M.R. 25 September 1979) (unpublished); *United States v. Kaar*, No. 79 0311 (N.C. M.R. 19 June 1979) (unpublished); *United States v. Scharf*, No. 71 0357 (N.C.M.R. 18

May 1971) (unpublished), *pet. denied*, 21 U.S.C.M.A. 604 (1971). Certainly, if a guilty plea is approved under these circumstances, then a guilty finding is sustainable regardless of the difference between an accused's belief of the type drug he sold and the actual proof.

 This is not a *Greenwood* [1] situation in which the accused claimed no knowledge of the physical presence of a narcotic substance. We instead have a situation in which the evidence presented at trial constitutes the very criminal acts that are proscribed in the Navy Regulations, that is, the sale or other transfer of controlled substances on board a ship of the U. S. Navy or by a person in the Naval service. It is the *mens rea* or *scienter* of a sale or transfer of a controlled substance which is essential to the conviction for the criminal act and not the pharmacological knowledge of the accused. This rationale follows like situations in which the proof of the substance is different than the alleged substance and in which both are proscribed substance; in such cases, fatal variances are not found. *United States v. Lee*, 1 M.J. 15 (C.M.A. 1975). *See United States v. Dolan*, 544 F.2d 1219 (4th Cir. 1976); *United States v. Schrenzel*, 462 F.2d 765 (8th Cir. 1972), *cert. denied*, 409 U.S. 984, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972); *Bronstein v. United States*, 17 F.2d 12 (8th Cir. 1927). The gist of the charges is the wrongful sale and transfer of a Schedule I controlled substance.

1. *United States v. Greenwood*, 6 U.S.C.M.A. 209, 19 C.M.R. 335 (1955).

 Appellant was sufficiently informed to enable him to prepare his defense and the conviction in this case will be a bar to any other prosecution for the same conduct. In variance cases a difference between the allegation and the proof do not warrant reversal of conviction if appellant's substantial rights are not affected. *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Hopf*, 1 U.S.C.M.A. 584, 5 C.M.R. 12 (1952); *United States v. Schrenzel, supra; Rathbun v. United States*, 236 F.2d 514 (10th Cir. 1956), *aff'd*, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957). Certainly when, as here, there is no variance between pleading, proof, and finding, an appellant can not be heard to complain that he was misled or that he stands in future jeopardy of the same transactions because he intended to sell or transfer a different controlled substance than the alleged and proven substance.

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge PRICE concur.