**UNITED STATES**

v.

**Technical Sergeant Elmo J. DO-MINGUE, Jr., FR 439–80–7345, United States Air Force.**

**ACM S27394.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 Jan. 1987.

Decided 29 June 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Lieutenant Colonel Patrick C. Sweeney, Major Timothy J. Malloy and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Captain Marc Van Nuys and Major Robert J. Webster, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

**DECISION**

MURDOCK, Judge:

This case came to us on its merits. The appellant was convicted of wrongful use of marijuana and cocaine. At trial it was established that both charges stemmed from the appellant's use of a marijuana cigarette he had purchased from an unknown dealer on the streets of Gulfport, Mississippi. The appellant pleaded guilty to both specifications, but claimed in his plea inquiry and a stipulation of fact that the cocaine use was without his knowledge. Nonetheless, the military judge accepted his plea and found him guilty of both offenses. We specified the issue of whether the plea had been provident in view of the stipulation of fact and the appellant's statements during the plea inquiry. We hold that the plea to use of cocaine was improvident.

The judge apparently based his acceptance of the plea on a principle that before a mistake of fact can be available as a defense, the mistaken belief must be of such a nature that the conduct would have been lawful had the facts been as the accused reasonably believed them to be. R.C.M. 916(j); *United States v. Coker*, 2 M.J. 304 (A.F.C.M.R.1976); *United States v. Anderson*, 46 C.M.R. 1073 (A.F.C.M.R. 1973). *United States v. Rowan*, 4 U.S.C. M.A. 430, 16 C.M.R. 4 (1954).

During the plea inquiry the military judge stated:

MJ: And has your counsel explained to you that in using marijuana, a contraband substance which was wrongful, if, in fact, there was some other contraband substance in there as well, such as cocaine, that you would be responsible for having ingested and used that even if you were unaware of its presence?

ACC: Yes, Sir.

MJ: So, on that basis, you're satisfied that there's evidence that you did, in fact, use cocaine along with the marijuana, although you didn't know it was in the marijuana?

ACC: Yes, Sir.

The judge also considered a stipulation of fact which contained the following paragraph concerning the appellant's knowledge of the presence of cocaine:

Unknown to the accused at the time, there was cocaine sprinkled throughout the marijuana he had acquired. While the use of this cocaine was without accused's knowledge, it was illegal and unlawful because it was used in conjunction with another illegal substance.

The judge erred in attempting to apply the "different substance" mistake of fact principle to the present case. Knowledge is an essential part of the element of wrongfulness in drug offenses. MCM, Part IV, paragraph 37c(5). The burden is on the government to prove knowledge beyond a reasonable doubt. Cases which deal with mistake of fact, such as *Coker*, are not applicable to this situation.

All of the information presented to the judge indicated that the appellant was unaware of the presence of cocaine in the cigarette. During the plea inquiry he asserted that he was unaware cocaine was in the marijuana, that he had never used cocaine, and that he was "afraid of that sort of stuff from just the things I've seen happen around me in two tours overseas, and seen what's happened to people using hard drugs—heroin and things of that nature". Further, the government presented a stipulation of fact which stated that the "use of this cocaine was without accused's knowledge".

Rather than find the plea improvident because an essential element was missing, the military judge, supported by the advocates from both sides, informed the appellant that he could not assert a defense of ignorance of fact because he had admitted knowingly using another controlled substance and that his plea would be accepted.

We cannot condone a procedure which appears to eliminate the necessity to prove essential requirements of an offense once a related offense has been proved. The evidence in this case is insufficient to establish that the appellant knowingly used cocaine. The appellant was allowed to plead guilty to an offense on which an essential element was missing. For that reason we hold that his plea of guilty to use of cocaine was improvident. Accordingly, Specification 2 of the Charge is set aside and dismissed. U.C.M.J., Art 66(c), 10 U.S.C. § 866(c).

Before announcing sentence, the military judge stated he had considered the offenses to be a single offense, and that he considered the offense to be "wrongful use of marijuana, based upon the facts stipulated in this case". The sentence is therefore unaffected by our dismissal of Specification 2 of the Charge. Despite this we have reconsidered the sentence in view of the remaining specification and the entire record. We find the sentence entirely appropriate.

Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.