# UNITED STATES

v.

**Senior Airman Lawrence L. BENO, FR 468–90–9429 United States Air Force.**

**ACM S27428.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Jan. 1987.

Decided 30 June 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Jeffrey H. Curtis.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

### PER CURIAM:

The appellant was found guilty, pursuant to his pleas, of wrongful distribution of hashish and wrongful use of marijuana and marijuana in the hashish form on divers occasions. The military judge sentenced him to a bad conduct discharge, confinement for two months, forfeiture of $400.00 per month for two months and reduction to airman basic. This sentence was approved by the convening authority.

The appellant's commander was called as a prosecution sentencing witness to provide his opinion of the appellant's rehabilitation potential in accordance with R.C.M. 1001(b)(5). He testified that he had become familiar with the appellant in conjunction with his drug involvement problems. He knew of his military record through his review of performance reports and his conversations about the appellant with the first sergeant and was aware that his work performance had declined during the two most recent rating periods. He expressed doubt that the appellant had rehabilitation potential "if and when he enters back into civilian society." Based on the extent of the appellant's known drug use, the commander opined that he was likely to continue this activity in the future. At the conclusion of this testimony the military judge denied a defense motion that it be stricken.

■ The appellant complains that the commander's testimony was not in compliance with the standards established by the Court of Military Appeals in *United States v. Horner*, 22 M.J. 294 (C.M.A.1986), and that the sentence should, therefore, be set aside. Appellant has noted a problem that is endemic in Air Force courts-martial; namely, the consistent failure of trial counsel to elicit appropriately structured rehabilitation potential testimony. However, in this instance, we are satisfied that the commander's comments, while not particularly helpful, were admissible. The record reflects that the commander's opinion extended beyond a mere statement of his thoughts on retention of the appellant on active duty and that the opinion was based on something more, if very little more, than the nature of the offenses. The military judge did not err in denying the defense motion to strike the commander's testimony. However, as our discussion immediately following indicates, he would not have abused his discretion if he had granted the motion.

■ It has become apparent to us that defense counsel, by and large, are familiar with the *Horner* case and what it contemplates in terms of rehabilitation potential testimony. On the other hand, we have seen very little evidence that trial counsel, whether they have developed a similar understanding or not, are eager to practice what *Horner* preaches. Rehabilitation potential testimony should consist of something other than a commander's shorthand recommendation that a punitive discharge be adjudged. A primary lesson of Judge Cox's opinion is that the most effective rehabilitation potential testimony is that which is presented by one who is able "to impart his/her special insight into the *accused's* personal circumstances." 22 M.J. at 296. In many instances, this will be an individual who has experienced a much closer relationship with an accused than a commander. This case is a prime example of the problem presented by the trial coun-

sel's desire to use the commander of a large organization to provide an R.C.M. 1001(b)(5) input. It was quite clear that the witness barely knew the appellant, if he knew him at all. The military judge would not have been remiss if he had totally disregarded the commander's testimony or, as we suspect happened, accorded it very little weight. Military judges should insist that one who takes the stand to offer an opinion as to an accused's rehabilitation potential is qualified to do so by virtue of his knowledge of the accused.

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.