UNITED STATES

v.

Airman Basic Michael A. GUEVARA,
FR 558–85–7805 United States
Air Force.

ACM 26619.

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 Nov. 1987.

Decided 3 June 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major William J. Reichart.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Captain Marc Van Nuys and Major Scott W. Stucky, USAFR.

Before LEWIS, MICHALSKI and BLOMMERS, Appellate Military Judges.

## DECISION

LEWIS, Senior Judge:

The appellant was found guilty in accordance with his pleas of failure to go, absence without leave for three days, wrongful appropriation of property of a value less than $100.00, and wrongful attempted use of a controlled substance, not specifically identified. He was sentenced by members to a bad conduct discharge, confinement for six months and forfeiture of all pay and allowances. This sentence was approved by the general courtmartial convening authority. Insofar as confinement is concerned, the appellant's sentence is considerably more lenient than that provided for in a pretrial agreement which specified, among other things, that confinement in excess of 13 months would not be approved.

Appellate defense counsel maintain that the appellant is entitled to sentence relief from us because an excessive maximum punishment was adopted at trial for the offense of attempted wrongful use of a controlled substance, the only offense which subjected the appellant to either a punitive discharge or a lengthy term of confinement. The facts elicited at trial establish that the appellant and another airman each ingested a white powder substance which was provided to them by a third airman in the dormitory with the understanding that it was a drug. The precise nature of the drug, if the powder was in fact a drug, was not established. In conversations involving the three airman the terms, "crank" and "crack," were used at various times both before and following the use of the substance. An expert witness testified that the two terms are common slang descriptions of amphetamine or methamphetamine and of a form of cocaine, respectively. The appellant, during the providence inquiry and subsequently in an unsworn sentencing statement, acknowledged that he had been told that the substance was "crank" by the airman who provided it. However, he advised the military judge that, while the term, "crank," signified a type of illegal drug to him, he was not aware of what drug the word referred to.

As partially reflected in the preceding paragraph, the record is replete with circumstantial evidence considered for sentencing purposes (R.C.M. 1001(a)(1)(A)(iv)) suggesting that the appellant probably believed he was wrongfully using either methamphetamine or cocaine when he ingested the powdered substance. While the appellant, during the providence inquiry, professed not to be able to advise the military judge what particular controlled substance he believed he was using, he and his counsel entered into a stipulation of fact as to certain pretrial admissions which tended to indicate a belief on his part that he had used either methamphetamine or cocaine. The wrongful use of either substance, as well as amphetamine, subjects the user to a sentence including confinement for five years. M.C.M., Part IV, paragraph 37 e(1)(a), (1984).

■ Under these circumstances there is no question that the appellant's plea of guilty of wrongful attempted use of a controlled substance, although not specifically identified, was factually supported by the record. *See generally, United States v. Davenport,* 9 M.J. 364 (C.M.A.1980). Inasmuch as the military judge advised the appellant of the potential alternative maximum punishments during the providence inquiry, there is likewise no question of the appellant's being misled as to the possible punitive consequences of his plea. *Cf. United States v. Walls,* 9 M.J. 88 (C.M.A. 1980); *United States v. Castrillon-Moreno,* 7 M.J. 414 (C.M.A.1979). Providence is not the issue before us. We have been asked to determine, rather, whether the military judge erred in assigning the higher of two alternate maximum punishments given the state of the record.

■ In brief summary of the appellate defense position, the Manual provides two different maximum punishments for wrongful uses of controlled substances. The maximum punishment applied at trial includes confinement for five years, and the other includes confinement for two years. The precise identity of a controlled substance determines the appropriate punishment to apply. M.C.M., Part IV, paragraphs 37 e(1)(a) and (b) (1984). *See also,* M.C.M., Part IV, paragraph 4 e (1984), which provides that the maximum punishment for an attempt, subject to exceptions not relevant here, is the same as the maximum punishment for the offense attempted. As noted above, it is undisputed that the appellant ingested a white, powdered material which he believed to be a controlled substance. However, the record does not establish beyond dispute what specific controlled substance the appellant either intended to ingest or believed he was ingesting. *See* M.C.M., Part IV, paragraph 4 b(2) (1984). Thus, it is argued, the military judge erred by assigning a punishment including confinement for five years to this offense rather than granting the appellant the benefit of the doubt and assigning a punishment including confinement for two years.

■ A brief background discussion of some basic differences between consummated offenses and criminal attempts is appropriate. An accused who is charged with a consummated drug offense does not avoid criminal culpability for using a controlled substance that is different from the one he believes he is using. *United States v. Coker,* 2 M.J. 304, 308 (A.F.C.M.R.1976), *rev'd on other grounds,* 4 M.J. 93 (C.M.A. 1977). *But cf., United States v. Domingue,* 24 M.J. 766 (A.F.C.M.R.1987) (a different result may be reached when the product of two commingled wrongful substances are used by an accused who is apparently not aware of the presence of one of the substances). However, if the evidence does not clearly establish that the substance involved in the alleged offense is a prohibited drug, the accused's conviction of using a controlled substance cannot stand. *See United States v. Bruce,* 14 M.J. 254 (C.M.A.1982). In contrast, when an attempt is alleged, the accused is chargeable with the intended rather than the actual consequences of his act. Thus, in *United States v. Foster,* 14 M.J. 246, 249 (C.M.A.1982), the accused's conviction of the attempted sale of amphetamines in violation of an Air Force regulation was upheld even though the accused's accomplice had substituted "some other substance" for the amphetamines the accused had expected to sell. In other words, a criminal attempt attaches culpability to a state of mind consisting of an accused's criminal intent and the belief that he is acting in such a manner as to achieve that intent. *See generally,* M.C.M., Part IV, paragraph 4 c(1) through (3).

■ Given this background, the appellate defense contention that the military judge should have applied the lesser of the two alternative punishments would have merit in most circumstances. It would certainly appear to follow, as appellate defense counsel argue, that the accused should be exposed only to that level of punishment applicable to the criminal conduct he intended to engage in. If one intends merely to use a controlled substance, without further particularity, the

lower of the two alternative punishments for the consummated offense should normally be applied.

■ The appellate defense rationale, while entirely valid, does not control in this case because the issue of maximum punishment was raised in the trial forum and the trial defense counsel consciously elected not to contest the applicability of the higher alternative punishment. In essence, appellate defense counsel are seeking to steer a different course from that of the defense counsel at trial. We conclude that the trial defense counsel clearly waived the issue at trial, and, just as clearly, he did so knowingly and forthrightly as a matter of trial strategy. It was the trial counsel, not the appellant's counsel, who raised the question concerning the maximum punishment with the military judge early in the trial proceeding. The defense counsel, obviously aware that the trial counsel would attempt to introduce damaging sentencing testimony bearing on the appellant's probable belief as to the nature of the controlled substance, addressed the trial counsel's concern as follows:

> Your Honor, I just don't—I still—I don't quite understand this whole inquiry. I don't understand the government bringing it up at all. There is just absolutely no indication, there's no evidence, there's no anything that this was anything less than a five-year type of drug, other than you can speculate to the end of time about things and everyone thought it was either crank or cocaine. There's just no doubt. So I just, as I said, I still don't follow. I don't think there's a problem. I don't think there was a problem unless the government is just trying to raise some type of issues so when they try to call their witnesses and bring a bunch of dirt then they will have some reason to go into it. There's just no question and never has been about this being anything less than a five-year type of drug.

The defense counsel remained consistent in the position set forth above. Most important for our purposes, he did not object to the maximum punishment subsequently provided to the members by the military judge in sentencing instructions, although he had the opportunity to do so during a pre-instruction Article 39(a), U.C.M.J. session. Thus, he waived other than plain error. R.C.M. 1005(f).

■ The military judge bears the ultimate responsibility for instructing the members concerning the correct maximum punishment whether an issue is raised by counsel or not. *United States v. Baker,* 14 M.J. 361, 368 (C.M.A.1983); R.C.M. 1005(e)(1). Under another set of circumstances we might find plain error if a military judge failed to instruct properly because of a misconception of maximum punishment wholly or partially based on a question of law. *See e.g., United States v. English,* 25 M.J. 819 (A.F.C.M.R.1988), and *United States v. Poole,* 24 M.J. 539 (A.C.M.R.1987), both discussing the effect on the authorized maximum punishment of combining several instruments in a worthless check specification. In the case before us the military judge was making an essentially factual determination. He did not elect to apply the higher alternative punishment arbitrarily. He had a sound factual basis for doing so in consideration of all the evidence bearing on the question which was before the court. More importantly the defense counsel was determined in his position that the higher punishment applied. By conceding this point, the defense counsel aggressively sought to limit the amount and scope of potential aggravation testimony designed to portray the appellant as one who was both wise and experienced in the ways of the drug world. Indeed, the trial defense counsel, having obtained several favorable rulings on prosecution proffers of testimony, was reasonably successful in these efforts. The military judge was aware not only of the defense counsel's affirmative waiver of the maximum punishment issue but was equally aware that it was based on a valid defense strategy to minimize the impact of the prosecution sentencing evidence. He committed no error, plain or otherwise, in the circumstances of this case. Of course, we caution military judges that exact trial circumstances seldom, if ever, repeat.

Underlying our analysis of this issue is the realization that the appellant may simply have not been prepared to recall and state on the record the nature of the controlled substance he believed he was using. See Judge Cox's discussion in *United States v. Penister*, 25 M.J. 148, 153 (C.M.A. 1987) (concurring opinion). If this was the case, the trial defense counsel faced a delicate challenge and, unquestionably, handled it professionally and skillfully. In any event, appellate defense counsel, as we previously indicated, have changed course in mid-journey. Clearly, such action is appropriate when the record suggests a pattern of fundamental errors or lack of attention to client interests by the defense advocate at the trial level. Such is not the situation before us in this case. The course pursued by the defense counsel at trial was unorthodox on its face but, in comparing the adjudged sentence to the negotiated sentence limitation, effective in fact. Fortunately, the defense counsel's trial strategy is clear from the record and would have afforded us with a basis for understanding even if a measurable degree of success had not been achieved. Even if we were to concede that the military judge erred in applying the five year maximum punishment, we would conclude that he was induced to do so by the trial defense counsel. The latter was acting in his client's best interests and obtained an apparently gratifying sentence result. We find no persuasive basis for disturbing it.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judges MICHALSKI and BLOMMERS concur.