**UNITED STATES**

v.

**Staff Sergeant Luis G. VEGA, Jr., FR 083–46–2847, United States Air Force.**

**ACM 27746.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 April 1989.

Decided 15 Dec. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni, Major Terry M. Petrie, Captain Morris D. Davis and Captain James C. Sinwell.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

Staff Sergeant Vega raises two matters for our consideration,

## I

WHETHER THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEA OF GUILTY TO WRONGFUL POSSESSION OF COCAINE WHEN THE APPELLANT STATED DURING HIS GUILTY PLEA INQUIRY THAT AT THE TIME OF THE ALLEGED OFFENSE, HE DID NOT KNOW THAT THE SUBSTANCE HE POSSESSED WAS COCAINE.

## II

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ADMITTING THE OPINION TESTIMONY OF MASTER SERGEANT MCCANTS CONCERNING APPELLANT'S POTENTIAL FOR REHABILITATION.

We affirm.*

## I

Throughout his guilty plea inquiry on the offense of possessing cocaine, Sergeant Vega maintained that he intended to buy marijuana but subsequently discovered that he had purchased cocaine instead. The military judge was alert to the possible discrepancy before him, stating that he had "grave reservations" about accepting a plea in this case. He conducted a searching inquiry, then recessed to research the issue. After noting the appellant's desire to gain the benefits that would flow from acceptance of his guilty plea, and considering various precedents, the military judge ultimately accepted the guilty plea.

 We find his decision correct. To be a viable defense, an accused's mistaken belief as to what illegal substance he possesses must be such that his conduct *would have been lawful had the facts been as he reasonably believed them to be.* Here, his belief that he possessed illegal drug X rather than illegal drug Y is not a valid defense. *United States v. Coker,* 2

M.J. 304, 308 (A.F.C.M.R.1976) (accused believed the substance to be dimethyltryptamine when it was actually phencyclidine); *United States v. Anderson,* 46 C.M.R. 1073, 1075 (A.F.C.M.R.1973) (accused believed substance to be mescaline when it was actually lysergic acid diethylamide).

The situation here is distinguishable from that in *United States v. Domingue,* 24 M.J. 766 (A.F.C.M.R.1987), a narrow situation where two drugs used in tandem were involved. In *Domingue* the accused was conscious that he was already illegally using marijuana but unaware that it was laced with cocaine. We held that his plea to wrongfully using the *cocaine* was improvident because that use was unknowing. In contrast, the present case involves an appellant who thought he was possessing a controlled and illegal substance. His only mistake was that he erred as to precisely what illegal drug he possessed. To constitute a defense, we repeat, what the appellant thought he was doing must have been lawful. *United States v. Anderson,* 46 C.M.R. at 1075.

## II

During pre-sentencing, the prosecution called Master Sergeant McCants to testify as to the appellant's capacity for rehabilitation under R.C.M. 1001(b)(5). McCants essentially stated two things: (a) the appellant was an outstanding worker; and (b) he lacked rehabilitation potential. As to (b), McCants noted that the appellant was "a knowledgeable person ... aware of the standards" yet he still possessed cocaine. When the prosecution asked McCants his opinion of "any Air Force member, much less an NCO, who purchases cocaine from an undercover policeman," he replied: "Be it Airman or NCO, I look down on that and I think it brings disrespect to the military...."

On cross-examination, McCants conceded that the appellant was an excellent worker with a "great" record. McCants clarified

* In accordance with his pleas of guilty at a general court-martial bench trial, the appellant was found guilty of possessing cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. His sentence is a bad conduct discharge, eight months confinement, and reduction to airman basic.

that his opinion about a lack of rehabilitation potential was based on both "that offense and his past record."

The defense unsuccessfully challenged the testimony of McCants based on *United States v. Horner*, 22 M.J. 294 (C.M.A.1986) and *United States v. Beno*, 24 M.J. 771 (A.F.C.M.R.1987), *pet. denied* 26 M.J. 57 (C.M.A.1988).

We believe that *Horner/Beno* must be considered together with the recent pronouncement from the Court of Military Appeals in *United States v. Ohrt*, 28 M.J. 301 (C.M.A.1989).

■ As we read *Ohrt, Horner*, and *Beno*, we discern three allied questions being addressed: (1) Is there a *sufficient foundation* for the testimony of this witness under R.C.M. 1001(b)(5); (2) Does the witness possess an *inelastic attitude* to the offense in question such that he or she should not be allowed to testify; and (3) What "magic words" can the prosecutor employ in questioning a witness as to the accused's rehabilitation potential and what is the *scope of the opinion* which the witness then may give?

■ Here, the witness knew much about this appellant, his record, character, service performance, and potential. *See United States v. Ohrt*, 28 M.J. at 304. We are satisfied that he thus met the foundational requirements for testifying—the first of the three allied questions. Furthermore, we have no problem with the third question *vis-a-vis* the proper form of the question and the scope of the answer. We do, however, perceive a problem with question two.

We think it a fair reading of the record that Master Sergeant McCants exhibited an intractable negative attitude towards drug abusers—any drug abusers. As we read the record, had this appellant possessed the wisdom of Solomon, the leadership qualities of Douglas MacArthur, and the compassion of Mother Teresa, we doubt that McCants would have wanted him back in the unit.

We find ourselves in legal territory not yet fully charted. What is unclear is what happens when a witness called under R.C.M. 1001(b)(5) *both* knows the accused and the accused's record *and* is "death on drugs." We suspect this question is one upon which the Court of Military Appeals has reserved judgment. In *United States v. Ohrt*, for example, Judge Sullivan (concurring in part and dissenting in part) states that he would find admissible a strict commander's opinion of the appellant's lack of rehabilitation potential which "was not based *solely* on the offense" for which he was convicted. *United States v. Ohrt*, 28 M.J. at 307. (Emphasis added). The majority, however, appears to view the matter in a different light:

> Thus, a witness whose opinion is based upon factors *other than* an assessment of the accused's service performance, character, and potential does not possess a rational basis for expressing an opinion (emphasis added).

*United States v. Ohrt*, 28 M.J. at 304. *See also United States v. Horner*, 22 M.J. at 296.

■ Almost anything is easier to get into than to get out of. We believe the prudent approach to this difficult area is that an "inelastic attitude" should render the testimony inadmissible—no matter how well the proponent might know the accused and the accused's service record, character, or potential. We suggest that counsel and military judges let caution be their keyword ... at least until the full details of *Ohrt, Horner*, and *Beno* are worked out. *See generally United States v. Maharajh*, 28 M.J. 797 (A.F.C.M.R.1989) and *United States v. Mayes*, 28 M.J. 748 (A.F.C.M.R. 1989).

■ In any event, despite our tentative conclusion that the testimony of Master Sergeant McCants should have been stricken, we find precedent squarely on point that there was no error harmful to the substantial rights of the appellant. The case was tried by a military judge sitting alone. He was acutely aware of the problem and made extensive findings illustrating his limited use of the data contained in McCants' testimony. We are confident that the judge placed the testimony in prop-

er perspective. *See United States v. Horner*, 22 M.J. at 296.

The findings of guilty and the sentence are correct in law and fact and, based upon the entire record, are

AFFIRMED.

Senior Judge BLOMMERS and Judge MURDOCK concur.