UNITED STATES

v.

**Wayne E. STRINGFELLOW, 439 04 9909 Machinist's Mate Fireman Apprentice (E-2), U.S. Navy.**

**NMCM 89 2746.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 15 June 1989.

Decided 27 Aug. 1990.

LT Tamara A. Massengale, JAGC, USNR, Appellate Defense Counsel.

LT Stephen Ponticiello, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, and WILLEVER and JONES, JJ.

ALBERTSON, Senior Judge:

In accordance with his pleas, appellant was found guilty of wrongful use of cocaine and amphetamine/methamphetamine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, by a military judge sitting alone as a special court-martial. Originally charged with a specification each of wrongful use

of cocaine and wrongful use of amphetamine/methamphetamine, the military judge consolidated the specifications when the accused's answers during providency revealed that the appellant had snorted a line of cocaine laced with amphetamine/methamphetamine. The military judge sentenced appellant to 45 days confinement, forfeiture of $400.50 pay per month for one month, reduction to pay E-1, and a bad-conduct discharge. The convening authority approved only so much of the sentence adjudged as provided for 45 days confinement, forfeiture of $400.00 pay per month for one month, reduction to pay grade E-1, and a bad-conduct discharge.

Appellant submitted his case for our review pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c), without assignment of error. Upon our review we specified the following issue:

DID THE MILITARY JUDGE ERR WHEN HE ACCEPTED THE APPELLANT'S PLEA OF GUILTY TO THE USE OF AMPHETAMINE/METHAMPHETAMINES WHEN APPELLANT DURING PROVIDENCY STATED HE WAS NOT AWARE OF THE PRESENCE OF AMPHETAMINE/METHAMPHETAMINES AT THE TIME HE USED COCAINE? *SEE, UNITED STATES V. MANCE,* 26 M.J. 244, 253–254 (C.M.A.1988); *UNITED STATES V. WILES,* NO. 892623, [30] M.J. [1097] (NMCMR 6 October 1989).

As set forth in *Mance* and *Wiles,* the wrongful use of a controlled substance involves two aspects of knowledge, knowledge (awareness) of the presence of the substance, and knowledge of the character (nature) of the substance involved, *i.e.,* its unlawful status. The first aspect of knowledge relates to the element of use while the second aspect of knowledge relates to the element of wrongfulness. Appellant's answers during his providence inquiry raised the issue specified because although appellant told the military judge that he knowingly and wrongfully snorted cocaine and that the laboratory analysis done on his urine sample revealed he had used cocaine and amphetamine/methamphetamine, he did not know the cocaine he ingested was laced with amphetamine/methamphetamine. The colloquy between appellant and the military judge went like this:

MJ: Did you use the two substances that are alleged here in two—in these specifications?

ACCUSED: Yes, sir, I used cocaine.

MJ: And how about the amphetamines/methamphetamines, did you use that?

ACCUSED: I used drugs.

MJ: Now, did you use these substances at the same time?

ACCUSED: Not to my knowledge, sir.

MJ: All right what do you mean not to your knowledge?

ACCUSED: I injested (sic) the cocaine. As far as the other drug, I have no idea whether it was laced with it or not. I have no idea.

MJ: You're not sure that the amphetamines and methamphetamines were in the cocaine that you used?

ACCUSED: No, sir, I'm not sure.

MJ: Well, are you sure today, or are you still not sure that the methamphetamines or amphetamines were in the cocaine?

ACCUSED: From the drug lab report, yes, sir.

MJ: Okay. So, what you're telling me is at the time you used the cocaine on the 1st of May 1989, injesting (sic) it into your nostrils, you didn't know at that time that the cocaine was laced with amphetamine/methamphetamine?

ACCUSED: No, sir.

MJ: And, what about today, here in this court-martial? Do you believe that you injested (sic) amphetamine/methamphetamine on the 1st of May 1989?

ACCUSED: On or about, yes, sir.

Appellant further acknowledged that his use of cocaine was voluntary and that he knew what he was doing when he used the cocaine and he knew that the use of cocaine was prohibited by law. Appellant also stated during providency, however, that he did not know that it was "common practice" to mix amphetamine/methamphetamine with cocaine. All of the military judge's collo-

quy with the appellant reveals that the appellant was, in fact, unaware of the presence of amphetamine/methamphetamine in the line of cocaine he snorted; in other words his use of amphetamine/methamphetamine was unknowing.[1]

Our supervisory court has indicated in its *Mance* decision that a conviction for possession or use of *heroin* could be upheld where an accused erroneously thought he possessed or used *cocaine, United States v. Mance,* 26 M.J. at 254; *United States v. Vega,* 29 M.J. 892 (AFCMR 1989); or a conviction for *attempted possession or use of cocaine* could be upheld where an accused thought he possessed or used cocaine when, in fact, the substance he possessed or used was *sugar. Id.* The theory upon which the Court of Military Appeals based its anticipated acceptance of such findings was that the knowledge was a *mens rea, scienter,* a *guilty mind* knowledge. Thus, if an accused knew he was doing something the law intended to prohibit, he had the requisite knowledge. Or as has been stated: "To be a viable defense, an accused's mistaken belief as to what illegal substance he possesses must be such that his conduct *would have been lawful had the facts been as he reasonably believed them to be." United States v. Vega,* 29 M.J. at 893. (Emphasis added).

In appellant's situation, appellant believed at the time he snorted the line of white powdery substance, he knew it was cocaine; he was therefore aware of its presence. He also knew that the law prohibited his use of cocaine because it was a controlled substance. Furthermore, he admitted that he used cocaine voluntarily and without legal justification or excuse and that his use of it was wrongful. He did not know, however, that at the time he was knowingly and wrongfully using the controlled substance cocaine, that a second controlled substance, amphetamine/methamphetamine, was present in the cocaine such that when he ingested the

cocaine he knew he was also ingesting amphetamine/methamphetamine. The Government contends that it is the appellant's *mens rea* at the time he knowingly used the cocaine that is the key; that his *mens rea* was all inclusive in that he intended to use a controlled substance, that is, he knew he was using a controlled substance at the time he ingested the cocaine; and, therefore it is immaterial that he was not aware of the specific and full pharmacological identity of the controlled substance he was ingesting at the time. The Government cites *Mance* and *United States v. Vandenheuvel,* 10 M.J. 591 (NCMR 1980), *pet. denied,* 11 M.J. 163 (C.M.A.1987) in support of its contention.

█ We agree with the Government that knowledge of the specific pharmacological identity of the drug is not required. But we believe that the facts of appellant's case go beyond what the Government believes requires the bare application of that theory to affirm the conviction. We believe we are required to go farther in our analysis because *Mance* is not clear on the particular pharmacological identity issue as it relates to the knowledge aspect of the use element; it only addressed it as it pertained to the element of wrongfulness. Because the facts in *Mance* dealt with the sufficiency of the military judge's instruction on the wrongful use of only one controlled substance, marijuana, it also does not address the knowledge issue with regard to the factual basis required for acceptance of a plea of guilty to simultaneous use or possession of two or more controlled substances. Therefore, the examples used in *Mance* to illustrate the law it defines is not necessarily applicable to the situation that now confronts us. Additionally, our sister service court's decision in *United States v. Dominigue,* 24 M.J. 766, 767 (AFCMR 1987) *pet. denied,* 25 M.J. 308 (C.M.A.1987), holds contrary to the Government's position and, in doing so, refused to "condone a procedure which appears to eliminate the

---

1. Appellant's responses indicate that his ignorance of "common practice" would not necessarily place him in the normal "caveat emptor" situation such that even the apparently rejected (*United States v. Gallegos,* 25 M.J. 248 (C.M.A.

1987) (summary disposition); *United States v. Gallegos,* No. 86 1282 (NMCMR 21 November 1986) (Coughlin, J., dissenting)) transferred intent theory might be relied on to support the factual basis for the plea.

necessity to prove essential requirements of an offense once a related offense has been proved." *Id.* at 767.

The general facts in *Dominigue* are identical to the facts in appellant's case, *i.e.*, acceptance of a plea of guilty to the simultaneous use of two controlled substances, one of which the appellant was fully knowledgeable about; the other he was not. As we have previously noted, *Mance* divided this knowledge aspect of the offense between two elements of the offense, knowledge of the presence of a substance going to the knowledge aspect of the element of use and knowledge of the character or nature of the substance going to the element of wrongfulness. *Mance*, 26 M.J. at 254. We hold that knowledge includes awareness only of the presence of a substance and the nature of that substance as a controlled substance. Knowing presence of the exact number and full and specific pharmacological identity of the controlled substance(s) to be used is not an essential aspect of knowledge as it relates to the element of use or wrongfulness because if an accused knows a substance is present and is aware that that substance is a controlled substance, the fact that he does not know the particular identity of any other substance that might be present is of no consequence since even had he known about the presence of the substance by its particular pharmacological identity it would have made no difference. His ingestion of the substance as a whole would not have been lawful had the facts (non-presence of amphetamine/methamphetamines) been as he reasonably believed them to be (presence of cocaine).[2] Therefore, contrary to the holding of the Air Force Court of Military Review in *United States v. Dominigue*, 24 M.J. 766, 767 (AFCMR 1987) *pet. denied* 25 M.J. 308 (C.M.A.1987), we find "the 'different substance' mistake of fact principle" is inapplicable in a case like appellant's because an essential element,

knowing use, is not really missing. Appellant knew he used a controlled substance.

■ We recognize that individuals connected with the drug culture often have a drug of choice, or a certain drug that even the worst drug addict among them will not ingest such that if they knew the substance they were about to use had a particular pharmacological identity they in fact would not use it. It is not inconceivable to us, therefore, that had appellant known that the cocaine he was ingesting was laced with amphetamine/methamphetamine, he might not have snorted the line. *See also Dominigue*. But, we hold that as a matter of public policy, at least within the Navy and Marine Corps, when a sailor or Marine uses what he or she knows to be a controlled substance, he or she is legally accountable for whatever other controlled substance is present and cannot avail him or herself of the lack of that knowledge. Appellant knew at the time he was using the cocaine that it was a controlled substance and that it was wrongful. The fact that he got more than he bargained for is a consequence he must bear for being part of the drug culture. To not hold Marines and sailors accountable for such illegal conduct would jeopardize the military community's ability to deter illegal drug abuse. Thus, we hold that the factual basis upon which the military judge relied to find the appellant guilty of the wrongful use of cocaine laced with amphetamine/methamphetamine was sufficient as a matter of law to support the finding of guilty. *See United States v. Davenport*, 9 M.J. 364 (C.M.A. 1980); *United States v. Care*, 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969).

Accordingly, we hold that appellant's plea of guilty to the wrongful simultaneous use of cocaine and amphetamine/methamphetamine was provident. We affirm the findings of guilty to the specification as consolidated by the military judge and the Charge. Article 66(c), UCMJ. We also affirm the sentence approved on review

---

**2.** Thus, we also distinguish our decision in *Wiles*, 30 M.J. 1097, because it dealt with an accused whose lack of awareness of the presence of the controlled substance, marijuana,

was to the lack of knowledge of the presence of any controlled substance whereas appellant acknowledged his awareness of the presence of at least one controlled substance.

below.[3]

Judge WILLEVER and Judge JONES[*] concur.

---

3. We need not decide the maximum permissible punishment authorized in this case since the jurisdictional maximum is far less than the authorized maximum and the maximum punishment authorized for both cocaine and amphetamine/methamphetamine use is the same. Of course, we also recognize that simultaneous use of controlled substances are multiplicious for findings, *United States v. Montgomery,* 30 M.J. 1118 (NMCMR 1989) (*en banc*), and sentence, *see United States v. Hughes,* 1 M.J. 346 (C.M.A. 1976).

