**UNITED STATES**

v.

**Senior Airman Philip J. PARISO,
United States Air Force.**

**ACM 36671.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 2 Feb. 2006.

31 July 2007.

Appellate Counsel for Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, Captain John S. Fredland, and Captain Griffin S. Dunham.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, and Captain Jamie L. Mendelson.

Before FRANCIS, SOYBEL, and BRAND, Appellate Military Judges.

## OPINION OF THE COURT

SOYBEL, Judge:

The appellant pled guilty at a general court-martial, comprised of a military judge, to wrongful use of Tylenol III in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. He was sentenced to a bad-conduct discharge, confinement for 60 days, and reduction to E–1.

On appeal he raises two issues. First, the appellant asserts his guilty plea to wrongfully ingesting prescription medication is improvident because he stated during the *Care* inquiry that he thought he had been previously prescribed the medication, yet the military judge failed to explore the availability of a mistake of fact defense. Second, he contends a bad-conduct discharge and 60 days confinement constitute an excessively harsh sentence for using Tylenol III on one occasion.[1]

We disagree and hold that the appellant's plea was provident and his sentence was not excessively harsh.

### Background

The appellant was admitted to the emergency room one evening. He was not breathing, but emergency room personnel

1. Submitted pursuant to *United States v. Groste-fon,* 12 M.J. 431 (C.M.A.1982)

were able to revive him. During the *Care*[2] inquiry, the appellant testified that earlier that evening, his brother found him lying in the hallway outside of his bathroom having difficulty breathing. Police and emergency personnel responded. The emergency personnel took the appellant to the hospital, while the police seized a syringe from the bathroom counter.

The appellant told the military judge he had taken some Tylenol III tablets from a bottle in the medicine cabinet, mixed them with water, and melted the mixture in a bottle cap.[3] He then injected this blend into his arm with a syringe. Although there was no evidence of a prescription for Tylenol III in the appellant's medical records, the appellant told the military judge he thought the pills could have been from either an old prescription of his or from a prescription of his fiancée.

The military judge asked the appellant to assume that he had been prescribed the drugs and questioned whether the prescription would have been recent or from "a long time ago." The appellant indicated it would not have been recent. Then the military judge asked, "So even if you may have had a prescription, were you using this Tylenol III in the form it was intended for whatever ailment you may have had or were you doing this to get high?" The accused responded that he "definitely wasn't using it in the way it was prescribed," and he did not have any authorization to use it, nor was he using it for any medical treatment.

### Analysis

In his first assignment of error, the appellant argues the *Care* inquiry was invalid because the military judge failed to explore the mistake of fact defense, which was raised when the appellant said he thought he may have been prescribed the drug in the past.

He relies primarily on *United States v. Walters*, 46 C.M.R 255, 1973 WL 14496 (C.M.A.1973), for the proposition that a guilty plea is improvident in a drug possession case in which the military judge fails to explore the possibility of the defense of inno-

cent possession when the accused had a valid prescription for the controlled substance. In *Walters*, an Army private on a prison medical ward for drug use and heroin withdrawal was prescribed a controlled substance for headaches and sleep problems. The nurse gave him one pill which he was required to swallow in her presence. Instead, Walters only pretended to swallow it and, after the nurse left, diluted the pill in water and loaded a syringe with the mixture to be used later. A staff member noticed the syringe in Walter's pocket before he could use it. *Id.* Walters pled guilty and was convicted of illegal possession of a controlled substance. *Id.* at 257.

Our superior court overturned the conviction. *Id.* at 259. In holding the plea was improvident, the Court said Walters had set up a matter inconsistent with the plea. The military judge erred by failing to explore evidence indicating the appellant's possession may have been innocent because the drug was prescribed for him. The Court further held evidence of innocent possession did not establish the appellant's lack of guilt as a matter of law but was sufficiently "inconsistent with his declaration of guilt ... that the military judge was required to inquire further." *Id.*

Another case cited by the appellant is *United States v. Lancaster*, 36 M.J. 1115 (A.F.C.M.R.1993). In Lancaster, this Court held that use of leftover pain pills from an old prescription to treat the pain from another injury is not illegal. *Id.* at 1118. There, a nurse had leftover pills from a two-year-old prescription for oxycodone originally prescribed for a wisdom tooth extraction. *Id.* at 1116. She testified she used some of the old pills for the pain caused by an injured and infected hip. *Id.* We found an instruction given to the members which was based upon the premise that "use of leftover prescription drugs for another ailment constitutes wrongful use as a matter of law" was error and set aside the finding of guilty. *Id.* at 1118.

In the instant case, unlike *Walters* and *Lancaster*, the appellant admitted he was not using the controlled substance for medical

---

2. *United States v. Care*, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969).

3. Tylenol III is a combination of regular Tylenol and codeine.

treatment or using it in the way it was prescribed. Instead, he was injecting it to get high, and he admitted that his use was without any authorization.

■ The appellant's contention that the military judge was obligated to explore a mistake of fact defense is eliminated by these details. To establish a viable mistake of fact defense, the conduct must have been lawful if the facts had been as the member believed them to be. *United States v. Vega*, 29 M.J. 892, 893 (A.F.C.M.R.1989). Here, there was no mistake of fact because the appellant did not know whose pills he used. Even if he mistakenly thought they were his leftover pills, he was not using them to treat an ailment or for any medical purpose whatsoever.

Use "of a controlled substance is wrongful if it is without legal justification or authorization." *Manual for Courts–Martial, United States*, Part IV, ¶ 37(c)(5) (2005 ed.). It is well settled law that a valid doctor's prescription provides the authorization or legal justification to possess or use a controlled substance. *See United States v. West*, 34 C.M.R. 449, 452, 1964 WL 5046 (C.M.A.1964); *United States v. Greenwood*, 19 C.M.R. 335, 1955 WL 3447 (C.M.A.1955); *United States v. Bell*, ACM 30813, 1994 WL 714207 (A.F. Ct.Crim.App. 14 Dec. 1994). However, a doctor can only prescribe such medication as is required to treat valid medical conditions. In fact, military law has long held controlled substances prescribed by a doctor for invalid purposes will not provide the user or possessor with legal authorization, and those service members are subject to criminal liability. *See United States v. Moore*, 24 C.M.R. 647, 650, 1957 WL 4860 (A.F.B.R.1957); *United States v. Commander*, 39 M.J. 972, 978–79 (A.F.C.M.R.1994).

■ Additionally, a physician would be committing a crime under the *Controlled Substances Act (CSA)*, 21 U.S.C. §§ 801, 802, 841(a)(1), if he were to write a prescription for a controlled substance that was not for a legitimate medical purpose. *See United States v. Feingold*, 454 F.3d 1001 (9th Cir. 2006); *United States v. Rogers*, 609 F.2d 834 (5th Cir.1980); *United States v. Word*, 806 F.2d 658 (6th Cir.1986); *United States v.*

*Tran Trong Cuong*, 18 F.3d 1132 (4th Cir. 1994). We hold that a service member who knowingly uses a controlled substance without a legitimate medical reason for doing so has wrongfully used the drug in the same way a physician who knowingly prescribes a controlled substance without a legitimate medical reason is guilty of "wrongfully" dispensing the substance in violation of the *CSA*. Once an individual uses the controlled substance for some purpose other than medical treatment, the use is no longer legally justified or authorized and is wrongful. Because the appellant admitted his use was not for medical treatment, there was no need for the military judge to inquire further to determine whether the pills the appellant used could have been from an old prescription of his. Even if they were, his use of those pills to get high would still have been wrongful.

We have also examined the record of trial, the remaining assignment of error, and the government's reply thereto. The approved sentence is not inappropriately severe. *See United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988).

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.